The STATE of Ohio, Appellee,

v.

MYERS, Appellant.

[Cite as *State v. Myers* (1993), 87 Ohio App.3d 92.]

Court of Appeals of Ohio,
Medina County.

No. 2090.

Decided April 7, 1993.

*Allan M. Michelson,* for appellee.

*Mary Beth Corrigan,* for appellant.

QUILLIN, Presiding Judge.

Appellant, Eileen M. Myers, appeals from her conviction of two counts of cruelty to animals under R.C. 959.13(A)(2) and (A)(4). Because the trial court charged the jury that these offenses required no culpable mental state, we reverse.

Myers was indicted on twelve counts of cruelty to animals following reports by the Medina County Society for Prevention of Cruelty to Animals ("SPCA") that Myers kept thirty to fifty dogs and several horses in unsanitary and overcrowded conditions and with inadequate food, water, and shelter. Evidence was seized pursuant to two separate search warrants, one issued February 11, 1991 and the other issued February 12, 1991. Following a motion by Myers, the trial court ordered suppression of all evidence seized pursuant to the February 12 warrant because the warrant had not been supported by probable cause.

Myers filed a motion *in limine* to prohibit the state from offering, *inter alia,* a certain videotape of Myers's kennels and any testimony or exhibits concerning items seized or observations made during the February 12 search. The trial court granted the motion as to the testimony relating to the February 12 search and as to the audio portion of the videotape.

The village of Spencer prosecuted this case, and was assisted by J. Jeffrey Holland, who was also a volunteer attorney for the Medina County SPCA.

Myers objected to Holland's involvement in the case, claiming that she wanted to call him as a witness and that he had a conflict of interest due to Myers's pending civil suit against the Medina County SPCA. The trial court overruled these objections.

Following a jury trial, Myers was convicted of two of the twelve counts. Myers appeals and raises nine assignments of error.

### Assignments of Error I and II

"I. Ohio Revised Code Section 959.13 is unconstitutional and void for vagueness.

"II. The trial court erred in interpreting Ohio Revised Code Section 959.13 as requiring proof of either lack of wholesome exercise 'or' change of air."

We will address these assignments of error together, as Myers argued them jointly. Myers contends that R.C. 959.13(A)(4), one of the provisions under which she was convicted, is vague because the meaning of the term "and" is unclear. We disagree.

R.C. 959.13 provides in pertinent part:

"(A) No person shall:

" * * *

"(4) Keep animals other than cattle, poultry or fowl, swine, sheep, or goats in an enclosure without wholesome exercise *and* change of air * * *." (Emphasis added.)

The jury asked the trial court to clarify whether "wholesome exercise and change of air" was one element or two. In other words, the jurors wanted to know whether they needed to find Myers deprived the animals of both exercise and air, or whether a deprivation of either constituted a violation. In response to the jury's question, the court explained that a violation of this provision required proof that Myers deprived the animals of either wholesome exercise *or* change of air.

The parties focus their arguments on whether it was appropriate for the trial court to switch "or" for "and" in this situation, and unnecessarily delve into their theories of the legislative intent behind this provision, rather than recognize that the trial court did nothing more than apply the plain meaning rule (R.C. 1.42).

Where a statute is plain and unambiguous, the trial court has no need to resort to the rules of statutory interpretation. *Ohio Dental Hygienists Assn. v. Ohio State Dental Bd.* (1986), 21 Ohio St.3d 21, 23, 21 OBR 282, 284, 487 N.E.2d 301, 303. An unambiguous statute is applied, not interpreted. *Id.* However, in applying this statute, the trial court was required to read the statute

in context and construe it according to the rules of grammar and common usage. R.C. 1.42.

■ The apparent confusion posed by this provision is the type of criminal act it addresses. Animal cruelty does not consist solely of active cruelty. As in this case, passive cruelty or neglect is punishable under the statute. See Annotation, What Constitutes Statutory Offense of Cruelty to Animals—Modern Cases (1992), 6 A.L.R.5th 733, 799–833; R.C. 959.13.

■ Again, the relevant provision states: "No person shall * * * [k]eep animals * * * in an enclosure without wholesome exercise and change of air * * *." The terms "no" and "without" used in the same clause create a double negative, which gives the provision a positive meaning. Sabin, The Gregg Reference Manual (6 Ed.1991) 212, Sections 1074–1075. Given the fact that Myers kept animals in an enclosure, she had a duty to supply both exercise *and* air.

The parties' confusion arises because, unlike the typical criminal statute which specifies prohibited acts, R.C. 959.13 states specific acts which Myers was required to perform. Any instruction to the jury concerning Myers's failure to perform this duty would necessarily be stated as the opposite of her duty. Because Myers was required to supply both things (exercise and air), failure to provide either (exercise or air) would constitute a violation. Likewise, if the statute had required Myers to supply either of the two things (exercise or air), a violation would require proof of a failure to provide both (exercise and air).

The logic of this reasoning is even more apparent if we consider the consequences of Myers's argument as it applies to another provision of this same statute. R.C. 959.13(A)(1) provides in part: "No person shall * * * confine an animal without supplying it * * * with * * * food *and* water." (Emphasis added.)

If we apply Myers's reasoning to this provision, a violation would require proof that an animal was deprived of both food and water. Thus, according to her reasoning, one could comply with the statute by giving an animal ample food but no water. Such an interpretation is absurd. "In enacting a statute, it is presumed that: * * * [a] just and reasonable result is intended * * *." R.C. 1.47. As does R.C. 959.13(A)(4), R.C. 959.13(A)(1) requires that the animal be provided with both things (food and water), and deprivation of either (food or water) constitutes a violation. See State v. Narramore (Oct. 24, 1985), Cuyahoga App. No. 49502, unreported, 1985 WL 8497. (Narramore was convicted under R.C. 959.13(A)(1) for depriving a dog of water.)

We find no error in the trial court's explanation to the jury, nor do we find the provision to be unconstitutionally vague. The first and second assignments of error are overruled.

### Assignment of Error III

"III. The trial court erred when it denied appellant's motion to suppress and motion in limine in part."

Myers contends that the trial court erred by failing to grant her motion to suppress all evidence seized pursuant to the February 11 warrant, and by granting only portions of her motion *in limine*.

Myers claims that the February 11 warrant was defective because (1) it contained facial defects, and (2) it was not supported by probable cause. Myers alleged that the warrant was facially defective because portions of the prepared form, requiring the evidence seized to be brought to the court, had been crossed out.

It is true that R.C. 2933.24 requires a search warrant to include such a provision. However, given the property seized in this case, this requirement was not practical. It would have been unreasonable to require the SPCA officer to bring thirty to fifty dogs and several horses into court.

The trial court determined that the warrant complied with Crim.R. 41, and that any deviation from R.C. 2933.24 was a mere technical omission that did not invalidate the warrant. Myers cites no authority to convince us that this reasoning is erroneous.

Myers further contends that the affidavit supporting the February 11 warrant contained no facts from which the court could infer probable cause. However, attached to the affidavit, and incorporated therein, were investigative reports prepared by the affiant, Medina County SPCA Humane Officer Fran Spangle. The reports described in detail Myers's animals and their living conditions, which Spangle observed during two separate visits to Myers's kennels.

Myers cites no authority to support her argument that the trial court erred in granting only portions of her motion *in limine,* nor does she explain why this was error or how she was prejudiced. The third assignment of error is overruled.

### Assignments of Error IV, V and VI

"IV. The trial court erred in permitting an attorney with a financial or personal interest in the outcome of the case to be a prosecuting attorney and thereby prohibiting him from being called as a witness.

"V. The trial court erred in prohibiting testimony that would reveal that a prosecutor for the state had intimidated a witness.

"VI. The trial court erred in prohibiting testimony and curtailing cross-examination on the issue of the sequence of the filing of a related civil matter and the within criminal charges."

We will address these assignments of error together as Myers did. These three assigned errors focus on the role of the SPCA attorney, J. Jeffrey Holland, in the prosecution of this case. Myers objected to Holland's assisting the prosecution because she desired to call him as a witness, and, because she had a civil case pending against the Medina County SPCA, Myers claimed Holland had a conflict of interest. Myers further contends that the trial court erred by refusing to allow her to question a witness regarding a conversation the witness had with Holland.

■ Myers cites no authority to support her argument that Holland should not have been allowed to assist in the prosecution of this case because of an alleged conflict of interest.

■ Myers further contends that she should have had the opportunity to call Holland as a witness, regarding a conversation he allegedly had with a woman named Michelle Conner. Myers also sought to question Conner about this conversation. Myers does not explain, nor can we determine, after a review of the proffered testimony of Conner, the relevance of this testimony. Myers has failed to demonstrate any abuse of discretion by the trial court. The fourth, fifth and sixth assignments of error are overruled.

## Assignment of Error VII

"VII. The trial court erred in permitting lay opinion testimony on the conditions of the animals and on the issues of whether there was access to shelter, whether an animal could reasonably be expected to suffer or become sick, and whether wholesome exercise and change of air was provided."

■ We must review the trial court's decision to admit lay witness testimony under Evid.R. 701 according to an abuse-of-discretion standard. *Urbana ex rel. Newlin v. Downing* (1989), 43 Ohio St.3d 109, 113, 539 N.E.2d 140, 144. Myers fails to explain why the trial court's decision to admit this testimony constituted an abuse of discretion. The seventh assignment of error is overruled.

## Assignment of Error VIII

"VIII. The court erred in restricting appellant's time to conduct voir dire in a case which was highly publicized and in overruling appellant's motion for mistrial based on the limitation of time."

Myers contends that because of negative pretrial publicity in this case, she should have been allowed more than thirty minutes to conduct voir dire.

 Prior to allowing each attorney thirty minutes to conduct voir dire, the trial court asked the potential jurors whether any of them had seen or heard any media coverage. A majority responded that they were familiar with the case through the media. The court further inquired as follows:

" * * * Is there anything about what you have read or heard that has predisposed you in this case? In other words, is there anything you have read or heard or seen that has already in your mind decided the facts of this case such that you could not put that aside and hear and decide this case solely on the evidence that comes in on the witness stand, exhibits that I allow to be introduced, and the instructions of law that I give that apply to this case? Is there anyone who raised their hand who feels that based on what they have seen or heard, they could not do that? Anyone at all? If you have a concern about it, now is the time to raise that concern. I don't want anyone to feel shy about this. This is an important question because both the State and the defense are entitled to jurors who have not predisposed this case in their minds one way or the other, okay. And when I say that, it's very possible that jurors hear something and decide well, this person must have done something or they hear something else and say, boy, it sounds like the government is just overstepping their bounds again, and the issue that I have is to make sure we pick a jury that is fair and that whatever you have heard about this case, that you can set that aside when you come into this courtroom and possibly serve as a juror. Is there anyone who has a concern about their ability to do that?"

Therefore, we cannot say that the trial court's limitation of voir dire to thirty minutes per side, and denial of Myers's motion for a mistrial, constituted an abuse of discretion. The eighth assignment of error is overruled.

### Assignment of Error IX

"IX. The court erred in finding Ohio Revised Code Section 959.13 to be a strict liability statute requiring no proof of culpability."

R.C. 959.13(A)(2) and (A)(4) do not specify a level of culpability. Thus, according to R.C. 2901.21(B):

"When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in such section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."

R.C. 959.13(A)(2) and (A)(4) do not clearly indicate a legislative intent to impose strict liability. It is generally held that recklessness is the appropriate mental state to sustain a conviction under R.C. 959.13. See *State v. Lapping* (1991), 75 Ohio App.3d 354, 599 N.E.2d 416; *State v. Hafle* (1977), 52 Ohio App.2d 9, 6 O.O.3d 5, 367 N.E.2d 1226; *State v. Bravard* (Oct. 6, 1986), Warren App. No. CA85–12–093, unreported, 1986 WL 11239; *State v. Narramore* (Oct. 24, 1985), Cuyahoga App. No. 49502, unreported, 1985 WL 8497. We therefore hold that R.C. 959.13(A)(2) and (A)(4) are not strict liability offenses and that the culpable mental state of recklessness is required.[1] The ninth assignment of error is sustained.

The judgment of the trial court is reversed and the cause is remanded.

*Judgment reversed*
*and cause remanded.*

COOK, P.J., concurs.

BAIRD, J., dissents in part and concurs in part.

BAIRD, Judge, dissenting in part and concurring in part.

In considering the question of whether a culpable mental state is required, I believe it appropriate to differentiate between the various types of conduct proscribed by the various subsections of R.C. 959.13. In some instances, the description of the proscribed conduct clearly carries with it some sort of mental requirement sufficient to lead to the conclusion that the legislature did not intend any further culpability to be required. For instance, it is difficult to believe that anyone would seriously espouse the application of the "recklessly" requirement to R.C. 959.13(A)(1), thus defining as the criminal proscription " * * * to recklessly torture an animal * * *."

Thus, it seems to me that proscribing certain actions " * * * if it can reasonably be expected that the animals would otherwise become sick or in some other way suffer * * *" constitutes requiring a mental state sufficient to " * * * plainly [indicate] a purpose to impose strict criminal liability for the conduct described in such section * * *," as set forth in R.C. 2901.21(B). Thus, I would not agree with the majority as to the reversal of the conviction for violation of R.C. 959.13(A)(2) and (A)(4). I concur in the balance of the majority opinion.

---

1. Whether R.C. 959.13(A)(1) is a strict liability offense as suggested by the dissent is not before us.