**The STATE of Ohio, Appellee,**

v.

**BERGEN, Appellant.**

[Cite as *State v. Bergen* (1997), 121 Ohio App.3d 459.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–960927.

Decided June 4, 1997.

*Joseph T. Deters*, Hamilton County Prosecuting Attorney, and *William E. Breyer*, Assistant Prosecuting Attorney, for appellee.

*Paul E. Balash*, for appellant.

---

*Per Curiam.*

Defendant-appellant, Michael J. Bergen, appeals the bench-trial decision of the Hamilton County Municipal Court convicting appellant of cruelty to animals, a violation of R.C. 959.13(A)(2). We reverse the decision and remand for a new trial.

The record reveals that appellant tied Duke, his one-hundred-fifty-pound Great Dane, to a chain-link fence next to his house. The leash line was twenty-five feet long. Appellant placed ample food and water on the shaded porch within twelve feet of the fence, and departed to Brookville, Indiana, to visit his mother. He returned twenty-four hours later to find Jerry Ruther, an investigator for the Society for the Prevention of Cruelty against Animals, at his house. Ruther told appellant that a neighbor had reported that Duke had died. He informed appellant that Duke had wrapped his leash around a three-inch tree and could not reach the shaded porch. Duke had died of overheating, literally cooking in the sun.

Appellant had raised the dog from a puppy, and secured him outside in the same fashion innumerable times, with the same food, water, and protection of the

porch from the elements, during the eighteen-month life of the animal. Appellant was often away for prolonged periods of time, and Duke, who preferred to be outdoors rather than indoors, survived and flourished being secured to the fence, near the porch, with proper food and water. The tree around which Duke wrapped his line had never previously caused a problem.

In his sole assignment of error, appellant argues that his conviction for cruelty to animals is against the manifest weight of the evidence. A reviewing court will not reverse a conviction where there is a substantial evidence upon which the court could reasonably conclude that all the elements of an offense have been proven beyond a reasonable doubt. *State v. Eskridge* (1988), 38 Ohio St.3d 56, 526 N.E.2d 304, paragraph two of the syllabus. When reviewing a claim that a conviction is against the manifest weight of the evidence, a reviewing court reviews the record and determines if the trier of fact clearly lost its way in resolving conflicts in the evidence and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *State v. Allen* (1990), 69 Ohio App.3d 366, 374, 590 N.E.2d 1272, 1278.

R.C. 959.13(A)(2) provides:

"No person shall:

" * * *

" (2) Impound or confine an animal without affording it, during such confinement, access to shelter from wind, rain, snow, or excessive direct sunlight if it can reasonably be expected that the animals would otherwise become sick or in some other way suffer. * * * For the purpose of this section, shelter means a man-made enclosure, windbreak, sunshade, or natural windbreak or sunshade that is developed from the earth's contour, tree development, or vegetation."

We choose to follow the holdings in *State v. Myers* (1993), 87 Ohio App.3d 92, 621 N.E.2d 881, and *State v. Lapping* (1991), 75 Ohio App.3d 354, 599 N.E.2d 416, declaring that R.C. 959.13(A)(2) does not create a strict-liability offense. Therefore, the required *mens rea* is recklessness. R.C. 2901.21(B); *State v. Parrish* (1984), 12 Ohio St.3d 123, 124, 12 OBR 164, 165–166, 465 N.E.2d 873, 874–875; *Lapping, supra,* at 357–358, 599 N.E.2d at 418.

R.C. 2901.22(C) provides the definition of the culpable mental state of recklessness:

"A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

Our review of the record provides no substantial, credible evidence to demonstrate beyond a reasonable doubt that appellant acted with heedless indifference to the consequences in a manner that perversely disregarded a known risk likely to result in the death of his dog. Appellant had no knowledge that the small tree, in an area the dog did not normally use when tied to the fence, would play a part in the dog's demise. He stated he would not have risked the harm to the dog had he any realization of the consequences. He loved the dog, as pictorially demonstrated in the record, and provided ample food, hydration, and shade during his absence. He had done so many times previously and had no reason to believe the dog was at risk of harm. Compare *Lapping, supra; Akron v. Donnelly* (Feb. 22, 1995), Summit App. No. 16821, unreported, 1995 WL 72335.

We hold that the state failed to present substantial evidence upon which the court could reasonably conclude that the element of recklessness was proven beyond a reasonable doubt. Therefore, appellant's conviction is against the manifest weight of the evidence. We reverse the conviction and remand the case for a new trial. See *Tibbs v. Florida* (1982), 457 U.S. 31, 42–43, 102 S.Ct. 2211, 2218–2219, 72 L.Ed.2d 652, 661–662; *State v. Ashbrook* (Apr. 30, 1997), Hamilton App. No. C–960535, unreported, 1997 WL 208148.

*Judgment reversed*
*and cause remanded.*

PAINTER, P.J., DOAN and SHANNON, JJ., concur.

RAYMOND E. SHANNON, J., retired, of the First Appellate District, sitting by assignment.