The STATE of Ohio, Appellee,

v.

DRESBACH, Appellant.

[Cite as *State v. Dresbach* (1997), 122 Ohio App.3d 647.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 97APC04–498.

Decided Dec. 31, 1997.

*Janet E. Jackson,* City Attorney, *Stephen L. McIntosh,* City Prosecutor, and *Denice Weinberg,* Assistant City Prosecutor, for appellee.

*Judith M. Stephenson,* Franklin County Public Defender, and *Allen V. Adair,* Assistant Public Defender, for appellant.

PETREE, Judge.

Defendant, Mikael P. Dresbach, appeals from a judgment of the Franklin County Municipal Court convicting him of cruelty to animals, in violation of R.C. 959.13(A)(1). Defendant sets forth the following assignments of error:

"[I.] The trial court erroneously overruled appellant's motion to dismiss on the basis that the complaint did not allege conduct, which if proven, would constitute a violation of R.C. 959.13(A)(1).

"[II.] Appellant's conviction was not supported by the evidence and was against the manifest weight of the evidence.

"[III.] The court erroneously overruled appellant's motions for acquittal pursuant to Criminal Rule 29(A)."

On September 4, 1996, an employee of the Cruelty Investigations Division of the Capital Area Humane Society responded to an anonymous report that an emaciated Rottweiler was seen chained to a doghouse in an alley behind the 800 block of Champion Avenue and Forest Street in Columbus. According to the investigator, the dog tied in the yard at 1039 Forest Street was very thin, its ribs and spine could be seen through the skin, and the area in which the dog was chained contained numerous piles of loose feces resembling "cow patties."

The investigator spoke to an individual who lived at the address. That individual told the investigator that the dog was owned by his roommate, defendant herein. The individual gave the investigator permission to take the dog to the humane society for medical treatment.

Later that day, defendant contacted the humane society to check on the condition of the dog. Defendant told the investigator that he had been taking care of the dog ever since the dog owners were arrested in a drug raid. According to the investigator, defendant told him that he owned the dog and that he had obtained a license for the dog. The investigator asked defendant if he would execute a "permission to treat" form allowing the humane society to examine and treat the dog. Defendant personally executed the document as the owner of the dog.

The dog was examined by a veterinarian, who concluded that the dog was suffering from a heavy internal parasite infestation, commonly known as hookworm. She estimated that the dog was approximately thirty to forty pounds underweight due to this condition. The veterinarian stated that once identified, such an infestation could be treated with a powder mixed in the dog's food. The veterinarian also observed lesions on the dog's ears from untreated fly bites.

Thereafter, defendant was served with a complaint charging him with cruelty to animals, in violation of R.C. 959.13(A)(1). Defendant pled not guilty and his case was set for a jury trial. Prior to trial, defendant moved for dismissal of the complaint on the grounds that the facts alleged in the complaint, if proven, did not support a conviction under R.C. 959.13(A)(1). This motion was denied by the trial court. Defendant was subsequently found guilty of cruelty to animals and sentenced by the trial court to ninety days in jail and a $425 fine. The jail

sentence and $200 of the fine were suspended and defendant was placed on three years' probation, with the condition that he pay restitution to the Humane Society for the care of the dog in the sum of $2,325. Defendant appeals to this court from the judgment of the trial court.

In defendant's first assignment of error, defendant contends that the trial court erred by denying his motion to dismiss the complaint. We disagree.

Crim.R. 3 provides:

"The complaint is a written statement of the essential facts constituting the offense charged. It shall also state the numerical designation of the applicable statute or ordinance. It shall be made upon oath before any person authorized by law to administer oaths."

R.C. 959.13(A)(1) provides:

"No person shall:

"(1) Torture an animal, deprive one of necessary sustenance, unnecessarily or cruelly beat, needlessly mutilate or kill, or impound or confine an animal without supplying it during such confinement with a sufficient quantity of good wholesome food and water[.]"

Defendant argues that the facts alleged in the complaint are insufficient to support a finding that defendant "tortured" the dog since the term "torture" as used in R.C. 959.13(A)(1) does not include a failure to provide veterinarian care. The state argues that the definition of "torture" set forth in R.C. 1717.01(B) applies to prosecution under R.C. 959.13. R.C. 1717.01 provides:

"As used in sections 1717.01 to 1717.14, inclusive, of the Revised Code, *and in every law relating to animals:*

" * * *

"(B) 'Cruelty,' 'torment,' and 'torture' include every act, omission, or neglect by which unnecessary or unjustifiable pain or suffering is caused, permitted, or allowed to continue, when there is a reasonable remedy or relief[.]" (Emphasis added.)

The language of the statute states that the definitions contained therein are applicable "in every law relating to animals." In our view, this language is an expression by the General Assembly of its intention that this definitional section applies in prosecutions brought pursuant to R.C. 959.13.

Indeed, the Wayne County Court of Appeals has applied this definition of the term "torture" in a prosecution for cruelty to animals under R.C. 959.13(A)(1). See *State v. Stevenson* (May 15, 1996), Wayne App. No. 95CA0036, unreported, 1996 WL 255894. Similarly, in *State v. Barton* (June 13, 1978), Franklin App.

No. 77AP–789, unreported, this court employed the definition of "torture" found in R.C. 1717.01(B) in a case involving a prosecution under R.C. 959.13(A)(1).

We further find that the definition set forth in R.C. 1717.01(B) is broad enough to include situations where an animal suffers needlessly because of the owner's failure to seek critically necessary veterinary care, if such care represents a reasonable remedy. The instant complaint cites both R.C. 1717.01 and 959.13(A)(1) and states that defendant caused the dog to suffer unnecessary pain and allowed such pain to continue needlessly by not timely seeking treatment for the dog's heavy internal parasite infestation. The facts set forth in the instant complaint, if proven, are sufficient to sustain a conviction for cruelty to animals under R.C. 959.13(A)(1). Thus, the allegations of the complaint satisfy Crim.R. 3. See *State v. Burgun* (1976), 49 Ohio App.2d 112, 3 O.O.3d 177, 359 N.E.2d 1018. Defendant's first assignment of error is overruled.

In defendant's second assignment of error, defendant contends that his conviction for cruelty to animals is not supported by the evidence and is against the manifest weight of the evidence. We disagree.

In reviewing a claim of insufficient evidence, the test is whether, in reviewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found these essential elements of the crime beyond a reasonable doubt. See *State v. Glass* (June 7, 1994), Franklin App. No. 93APA10–1471, unreported, 1994 WL 250214. A judgment of conviction will not be reversed on grounds of insufficient evidence where there is substantial evidence which, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. *Id.*, citing *State v. Jenks* (1991), 61 Ohio St.3d 259, 574 N.E.2d 492.

In our view, the testimony of Mr. Brehl from the Capital Area Humane Society and Veterinarian Joy Davidson, if believed, is sufficient to sustain defendant's conviction for cruelty to animals. Brehl testified that he observed this dog chained to a doghouse in the yard behind defendant's residence, that the dog was emaciated to the point where a person could see the dog's ribs and spine protruding through his skin, and that the area around the dog was littered with ten to twenty piles of loose feces resembling "cow patties."

Veterinarian Joy Davidson testified that her examination of the dog revealed that he was suffering from one of the most severe cases of hookworm she had ever encountered, and that a dog of this breed and with this type of frame should weigh thirty or forty pounds more than this dog weighed when he was brought to the humane society. Davidson also testified that the sores on the dog's ears were caused by fly bites which went untreated for a substantial period of time. Photographic evidence in the record supports the testimony of Brehl and Davidson regarding the appearance of the dog.

Davidson stated that once she diagnosed the dog's condition, she treated the dog by placing powdered medicine in his food for approximately one week. According to Davidson, the dog showed immediate improvement and at the time of trial, was nearly forty pounds heavier than he was when she first began treating him. In Davidson's opinion, the failure of defendant to take this dog for medical treatment under these circumstances amounted to animal cruelty.

The test for determining whether a conviction is against the manifest weight of the evidence is much broader than that applicable to challenges to the sufficiency of the evidence. *Glass, supra.* Conducting a review based on the manifest weight standard, "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." *State v. Martin* (1983), 20 Ohio App.3d 172, 175, 20 OBR 215, 219, 485 N.E.2d 717, 720. That review is tempered by the principle that weight and credibility questions are primarily for the trier of fact. *State v. DeHass* (1967), 10 Ohio St.2d 230, 39 O.O.2d 366, 227 N.E.2d 212, paragraph one of the syllabus. Thus, the power to reverse a judgment as being against the manifest weight of the evidence must be exercised with caution and only where the evidence weighs heavily against the conviction. *State v. Abi–Sarkis* (1988), 41 Ohio App.3d 333, 535 N.E.2d 745.

Defendant's manifest weight argument is based primarily on his own testimony. Defendant claimed that he had adequately cared for the dog by providing food, water, and exercise, and that his failure to seek immediate veterinary care for the dog's hookworm was not so egregious as to warrant a conviction for animal cruelty.

Proof of recklessness is required to sustain a conviction under the R.C. 959.13(A). See *State v. Lapping* (1991), 75 Ohio App.3d 354, 599 N.E.2d 416; *State v. Myers* (1993), 87 Ohio App.3d 92, 100, 621 N.E.2d 881, 886–887. R.C. 2901.22 defines the term "recklessly" as follows:

"(C) A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist."

Although we believe that this is a close case, the difference between criminal negligence and recklessness is simply a matter of degree. Defendant admitted that when he obtained the dog, the dog was in an emaciated condition. Defendant testified that the dog had gained some weight during the one year that he

had the dog, but that he had begun to lose weight more recently. Defendant also admitted that the dog was having problems with loose stools on one other occasion prior to the most recent affliction, and that the dog had been suffering from loose stools for at least one week prior to the beginning of the investigation. Testimony in the record established that the stench from the dog's loose feces was so overpowering that lime had to be applied in the area to lessen the odor.

While defendant claimed that he brought the dog to the veterinarian in January 1996, and that the veterinarian told him the dog was fine, on cross-examination defendant admitted that the dog was not checked for hookworm at that time. Similarly, while defendant testified that he purchased worm medication for the dog after a visit to the veterinarian in or about March 1996, he later admitted that he had only taken his newborn puppies to see the veterinarian, and that he did not bring the Rottweiler in to see the veterinarian at that time. Defendant was also unable to provide any documentary evidence that he had purchased medication for the Rottweiler. Finally, while defendant testified that the dog was playful and energetic, other witnesses testified that the dog appeared lethargic.

In short, while portions of defendant's testimony, if believed, could support a finding of reasonable doubt on the element of recklessness, such a finding is not required on this record. This dog was emaciated and obviously sick. While defendant's initial intentions towards this dog appeared charitable given the circumstances under which he acquired the dog, having undertaken the responsibility for this dog's care, defendant was required by law to make reasonable efforts to prevent the dog from suffering needlessly due to a readily curable condition.

In the final analysis, it is our determination that defendant's conviction was based on sufficient evidence and was not against the manifest weight of the evidence. Defendant's second assignment of error is overruled.

In defendant's third assignment of error, defendant argues that the trial court erred by overruling his motion for acquittal brought pursuant to Crim.R. 29(A). Inasmuch as the test for determining motions for acquittal brought at the close of the evidence is the same as the test for determining the sufficiency of the evidence, defendant's third assignment of error is overruled for the reasons set forth above.

Having overruled each of defendant's assignments of error, we hereby affirm the judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

JOHN C. YOUNG and LAZARUS, JJ., concur.