OPINION
On January 8, 1998, Patricia Brooks was charged with neglecting and abusing approximately forty dogs (Case No. 98CRB00015). The dogs were kept at a residence Ms. Brooks shared with her mother, appellant, Janice Donnelly. On February 6, 1998, Ms. Brooks entered a no contest plea and was found guilty. Attorney David Weick represented Ms. Brooks and City Law Director Richard Wolfe, II represented the state.
On March 13, 1998, appellant was charged with four counts of animal cruelty in violation of R.C. 959.13. Attorney Weick represented appellant and Special Prosecutor J. Jeffrey Holland represented the state. On May 1, 1998, appellant filed a motion to dismiss and enforce plea agreement referring to an agreement which had led to Ms. Brooks's plea. A hearing was held on June 24, 1998. Prior to hearing, Attorney Weick withdrew as appellant's counsel and appellant was thereafter represented by Attorney David Homer. By judgment entry filed July 13, 1998, the trial court denied said motion.
A bench trial commenced on July 23, 1998. By judgment entry filed July 30, 1998, the trial court found appellant guilty and sentenced appellant to ninety days in jail, seventy-five days suspended in lieu of conditional probation.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
 I THE TRIAL COURT ERRED IN NOT ENFORCING THE AGREEMENT MADE BETWEEN THE STATE OF OHIO AND APPELLANT.
 II THE JUDGMENT OF THE COURT IS CONTRARY TO THE MANIFEST WEIGHT OF THE EVIDENCE.
 III
THE JUDGMENT OF CONVICTION IS CONTRARY TO LAW.
 I
Appellant claims the trial court erred in denying her motion to dismiss. We disagree.
Specifically, appellant argues the plea agreement in her daughter's case included a legally binding agreement precluding the state from prosecuting her. In the February 17, 1998 judgment entry of Ms. Brooks's conviction, attached to appellant's brief as Exhibit A, the trial court specifically ordered the following:
 d. The conditions of Defendant's probation are as follows:
* * *
 3. She must make full restitution to the Ashland County Human Care Center, and any other agencies which have incurred expense pursuant to this case, for all expenses incurred resulting from the seizure of dogs from the premises of 568 U.S. Rt. 42, Ashland, Ohio 44805, including, but not limited to, veterinary services, medicine, boarding and feeding, from the date of seizure until all dogs seized, or born while in the custody of the Ashland County Humane Care Center, have been released, placed with responsible third persons or returned to Janice C. Donnelly, under terms and conditions independently agreed by and between said Janice C. Donnelly and the Office of the Director of Law.
Appellant argues the "terms and conditions" included a promise not to file "further charges against either her [Ms. Brooks] or her mother." See, January 29, 1998 Letter from Attorney Weick to Attorney Wolfe, attached to Appellant's Brief as Exhibit B. A proposed "agreement" was submitted by Attorney Holland to Attorney Weick. See, March 6, 1998 Letter and Agreement attached to Appellant's Brief as Exhibit F. The agreement was never signed. In a letter dated March 9, 1998, attached to appellant's brief as Exhibit G, Attorney Holland attempted to secure the agreement as follows:
 We also discussed, and I faxed to you a proposed agreement not to prosecute Janice Donnelly which resolved the contradictory and missing provision from your negotiations with Attorney Wolfe. Please respond as to whether your client is willing to enter into this agreement. Again, if I have not received a response from you by 5:00 p.m. tomorrow, that offer will be withdrawn and we will proceed as is appropriate.
At the June 24, 1998 hearing, Attorney Weick testified the agreement was "Brooks would plead, no jail time, Donnelly would give a mortgage, no prosecution." T. at 35. Attorney Weick also testified the agreement not to prosecute appellant was placed on the record in the Brooks case. T. at 42. Attorney Weick claimed the agreement was not signed because additional terms had been added. T. at 69-70. Attorney Weick conceded not only was the agreement not signed, but the mortgage was never executed. T. at 74, 93-94. Attorney Weick admitted there was never a signed written agreement between the state and appellant. T. at 113. Attorney Wolfe admitted he had agreed not to prosecutor appellant, but part of the agreement included placing the dogs where they would receive proper care which was not done. T. at 166, 179. Attorney Weick claimed this condition was not part of the agreement.
Appellant, Attorney Weick and Attorney Wolfe claimed the agreement was finalized during the change of plea hearing in the Brooks case. The transcript of this hearing was not provided to this court therefore, we are left to determine the issue based solely on the February 17, 1998 judgment entry from the Brooks case and the testimony and exhibits from the June 24, 1998 hearing.
The first question is whether there was an agreement between the state and appellant. The plea agreement in the Brooks case included an agreement by appellant to execute a mortgage (without a note) to secure Ms. Brooks's payment of restitution. The agreement was never memorialized save for the provision in the February 17, 1998 judgment entry. Attempts to finalize the agreement were unsuccessful. The Crim.R. 11 plea and agreement were for the direct benefit of Ms. Brooks. Appellant was not charged with anything at the time.
Appellant argues in exchange for a mortgage without a note (which had a questional value) and promises to provide a proper home for the dogs in the future and to permit inspections, she should be free from prosecution. We disagree because there was no formalized or journalized agreement, and appellant was a third party beneficiary to Ms. Brooks's plea bargain which is only enforceable through Ms. Brooks.
Upon review, we conclude the trial court did not err in denying the motion to dismiss.
Assignment of Error I is denied.
 II, III
Appellant claims her convictions were against the manifest weight of the evidence and the state failed to prove the essential element of "recklessness." We disagree.
On review for sufficiency, a reviewing court is to examine the evidence at trial to determine whether such evidence, if believed, would support a conviction. State v. Jenks (1991),61 Ohio St.3d 259. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin (1983), 20 Ohio App.3d 172, 175. See also, State v. Thompkins (1997), 78 Ohio St.3d 380. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction."Martin at 175.
Appellant was charged with violating R.C. 959.13(A)(1) and (4) which state as follows:
(A) No person shall:
 (1) Torture an animal, deprive one of necessary sustenance, unnecessarily or cruelly beat, needlessly mutilate or kill, or impound or confine an animal without supplying it during such confinement with a sufficient quantity of good wholesome food and water;
 (4) Keep animals other than cattle, poultry or fowl, swine, sheep, or goats in an enclosure without wholesome exercise and change of air, * * *.
Courts have found culpability is not required when prosecuting under R.C. 959.13(A)(1). See, State v. Hafle (1977),52 Ohio App.2d 9. Further, because a specific culpability is not stated and the statute uses the phrase "[n]o person shall," we find the statute to be a per se statute requiring no degree ofmens rea to sustain a conviction. We concur with the following dissent of Judge Baird in State v. Myers (1993), 87 Ohio App.3d 92,100:
 In considering the question of whether a culpable mental state is required, I believe it appropriate to differentiate between the various types of conduct proscribed by the various subsections of R.C. 959.13. In some instances, the description of the proscribed conduct clearly carries with it some sort of mental requirement sufficient to lead to the conclusion that the legislature did not intend any further culpability to be required. For instance, it is difficult to believe that anyone would seriously espouse the application of the `recklessly' requirement to R.C. 959.13(A)(1), thus defining as the criminal proscription `* * * to recklessly torture an animal * * *.'
 Thus, it seems to me that proscribing certain actions `* * * if it can reasonably be expected that the animals would otherwise become sick or in some other way suffer * * *' constitutes requiring a mental state sufficient to `* * * plainly [indicate] a purpose to impose strict criminal liability for the conduct described in such section * * *,' as set forth in R.C. 2901.21(B).
We concur proving recklessness is required in a prosecution under R.C. 959.13(A)(4). Myers.
We shall address the (A)(1) violations first. Ashland County Dog Warden, Jasper Swinehart, visited appellant's home and provided photographs of the dogs and the conditions of the breezeway and kennels. State's Exhibits 1-39 are the photographs. If one has the stomach to view these photographs, one would see they speak a thousand words. The photographs depict filth in the breezeway and kennels and dogs with matted coats and soars. The photographs showed dogs in deplorable and indescribable states. Mr. Swinehart testified to a build-up of feces in the "whelping box." T. at 46. The smell of ammonia in the "summer kitchen" where the dogs were kept was so strong his eyes watered. T. at 50. Mr. Swinehart explained "[u]rine produces ammonia smell." T. at 42. A saw blade was wrapped around a dog's leg and another dog's toenails were so long "they can get caught and tear from the animal." T. at 53-54. One dog's anal area was so matted with hair the dog could not relieve himself. T. at 54-55. Some dogs suffered from ringworm, infected wounds, scars from animal fights and too tight collars, and ear polyps causing inflamed ears. T. at 56-59. Feces was on the floors, walls and ceilings of the kennels. T. at 60. The kennels were so small the dogs could only stand in the feeding bowls. T. at 48. The dogs had to lay in their own filth. T. at 69. Mr. Swinehart opined the dogs were victims of cruelty and torture. T. at 63.
A veterinarian, Donald R. Kaesser, testified the dogs' conditions were painful to them. T. at 166-167. Several dogs had "ulcerated eyes due to the severe matting around them." T. at 169.
Upon review, we find sufficient evidence to support appellant's conviction under R.C. 959.13(A)(1) and no manifest miscarriage of justice.
Under R.C. 959.13(A)(4), the prosecution must establish the dogs were kept in "an enclosure without wholesome exercise and change of air." Recklessness is defined in R.C. 2901.22(C) as follows:
 A person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.
Mr. Swinehart's observations were made on three separate occasions (September, November and December). On each of these occasions, appellant was counseled about improving the conditions but did not do so. Dr. Kaesser opined some of the dogs' injuries resulted from improper housing and the living conditions did not promote adequate air for the dogs. T. at 182, 187.
Upon review, we find sufficient evidence to support appellant's conviction under R.C. 959.13(A)(4) and no manifest miscarriage of justice.
Assignments of Error II and III are denied.
The judgment of the Municipal Court of Ashland County, Ohio is hereby affirmed.
By Farmer, P.J. Wise, P.J. and Gwin, J. concur.
______________________________
______________________________
______________________________
JUDGES
SGF/jp 0208
JUDGMENT ENTRY
CASE NO. 98 COA 01272
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Municipal Court of Ashland County, Ohio is affirmed.
______________________________
______________________________
 ______________________________ JUDGES