THE STATE OF OHIO, APPELLEE, *v.* BUEHLER FOOD MARKETS, INC., APPELLANT.

(No. 2428—Decided
June 7, 1989.)

*Corey Spitler,* assistant prosecuting attorney, for appellee.
*Peggy J. Schmitz,* for appellant.

QUILLIN, J. The question presented in this appeal is whether R.C. 1327.61(B) plainly indicates a purpose to impose strict liability as provided in R.C. 2901.21(B). Because we hold that the legislature has plainly indicated an intention to impose strict liability for a violation of R.C. 1327.61(B), we affirm.

Buehler Food Markets, Inc. ("Buehler") misweighed and offered for sale eight packages of meat at its Orrville store between November 1987 and May 1988. There was evidence presented that the misweighing was due to malfunctions in Buehler's automatic packaging equipment. After the trial court overruled Buehler's motion to dismiss, Buehler entered a plea of no contest to, and was found guilty of, the charge of misrepresentation of weight and price in violation of R.C. 1327.61(B). The trial court found R.C. 1327.61(B) to be a strict liability offense. The court also found that the acts were unintentional and occurred in spite of Buehler's efforts to avoid misweighing. Therefore, the court required Buehler to pay only court costs.

Buehler raises two assignments of error:

### Assignment of Error I

"The court erred in ruling that Revised Code 1327.61(B) is a strict liability offense."

R.C. 1327.61 provides:

"No person shall:

"* * *

"(B) Wrap, package, label or advertise any product contrary to the provisions of Chapter 1327. of the Revised Code, or regulations promulgated thereunder, or sell, offer, hold, or expose for sale any product wrapped, packaged, or labeled contrary to the provisions of sections 1327.46 and 1327.61 of the Revised Code or regulations promulgated thereunder[.]"

Before 1974, legislative silence as to *mens rea* was interpreted as an indication of the purpose to impose strict liability. *State* v. *Lisbon Sales Book Co.* (1964), 176 Ohio St. 482, 27 O.O. 2d 443, 200 N.E. 2d 590, paragraph two of the syllabus. However, R.C. 2901.21(B) enacted by Am. Sub. H.B. No. 511 (134 Ohio Laws, Part I, 1866, 1897-1898), which repealed former R.C. 2901.21, modified this rule so that a silent statute indicates a purpose to impose the culpable mental state of recklessness unless the legislature "plainly indicates" otherwise. Because R.C. 1327.61 is silent as to culpability, we must determine whether the legislature has "plainly indicated" an intent to impose strict liability.

The more serious the consequences are to the public, the more likely the legislature meant to impose liability without fault. For example, the offenses created primarily for the purpose of singling out individual wrongdoers for punishment and correction are the ones commonly requiring *mens rea*. Police offenses, merely regulatory in nature, are frequently enforced irrespective of any guilty intent. Sayre, Public Welfare Offenses (1933), 33 Colum. L. Rev. 55, 72. Regulations passed for the safety, health, or well-being of the community, such as those preventing the giving of short weight in the sale of ice or meat, are included in this category. *Id.* at 73, 87; see, also, *Morissette* v. *United States* (1952), 342 U.S. 246, 262, fn. 20. Therefore, R.C. 1327.61(B) falls into one of the eight categories of offenses which are generally amenable to the

imposition of strict liability. It is an offense which traditionally has been a strict liability offense. The public, of course, has a substantial interest in ensuring the accuracy of weight and price. Because the consumer usually must rely on the retailer's label for buying information, misrepresentation of weight and price has serious consequences for the consumer.

The more difficult it is for a consumer to ascertain the true facts, the more likely it is that the legislature meant to require liability without fault. In this instance, while it may be difficult for the retailer to ascertain the true weight of eight out of over three hundred fifty-two thousand packages, the consumer must rely on the integrity of the retailer because only the retailer will ordinarily have access to the measures taken to ensure the reliability of its weight and pricing process. See, generally, *Flint* v. *Ohio Bell Tel. Co.* (1982), 2 Ohio App. 3d 136, 2 OBR 150, 440 N.E. 2d 1244. In other words, the retailer has the advantage over the consumer who depends on the retailer's label for buying information.

When a statute is designed for the protection and general welfare of the public, it must be considered in light of its overall purpose, the business to which it relates, and the potential evil which it is designed to prevent. *Fogt* v. *Ohio State Racing Comm.* (1965), 3 Ohio App. 2d 423, 32 O.O. 2d 546, 210 N.E. 2d 730. Therefore, where it would be almost impossible to prove guilty knowledge in cases of this kind and where requiring such evidence would eventually leave the public interest and welfare to the mercy of the unscrupulous, it is appropriate to apply strict liability. Holding otherwise would impede the statute's purpose. If the statute's purpose was merely to punish the accused, then some level of culpability might be required. However, where the purpose of the statute is to protect the victim-consumer regardless of the mental state of the defendant; where it would be almost impossible to prove guilty knowledge; where the defendant has the sole opportunity to guard against the forbidden conduct and ascertain the true facts; where there exists a serious and substantial harm to the public from such conduct; where the offense is one of the eight categories of offenses amenable to strict liability; and where the offense belongs to the *mala prohibita* class of offenses which are not inherently wrong in and of themselves unless designated as wrong by the legislature, the conclusion that the legislature intended to impose strict liability is supported.

R.C. 1327.61 was enacted in 1974 by Am. Sub. H.B. No. 203 (135 Ohio Laws, Part II, 559, 571), which also repealed R.C. 1327.42 (prior G.C. 13106). R.C. 1327.42, prohibiting the sale of false or short weight, remained substantially the same as R.C. 1327.61. In *State* v. *Weisberg* (1943), 74 Ohio App. 91, 40 Ohio Law Abs. 473, 29 O.O. 274, 55 N.E. 2d 870, the court held that intent was not a necessary element of the offense of selling by false or short weight.

The reenactment of a statute creates a presumption of legislative adoption of a previous judicial construction of such a statute. *Ohio* v. *Glass* (1971), 27 Ohio App. 2d 214, 56 O.O. 2d 391, 273 N.E. 2d 893, paragraph two of the syllabus; see, also, *Seeley* v. *Expert, Inc.* (1971), 26 Ohio St. 2d 61, 72-73, 55 O.O. 2d 120, 126-127, 269 N.E. 2d 121, 129. Therefore, where the same terms are used in a subsequent statute upon the same or an analogous subject, they are generally interpreted in the subsequent statute as in the former, where the language does not require the subsequent statute to be understood differently in the two statutes, or where a contrary intention of the legislature is not made clear by other qualifying or

explanatory terms, *Glass, supra,* at 218, 56 O.O. 2d at 394, 273 N.E. 2d at 896-897, or unless such construction would be inconsistent with the manifest intent of the legislature. *State, ex rel. Durr,* v. *Spiegel* (1914), 91 Ohio St. 13, 109 N.E. 523, paragraph one of the syllabus. Where a statute is construed by a court of last resort having jurisdiction, and that statute is then amended in certain particulars, but remains unchanged so far as it has been construed and defined by the court, it will be presumed that the legislature was familar with such interpretation at the time of such amendment, and that such interpretation was intended to be adopted by the amendment as a part of the law, unless express provision is made for a different construction. *Spitzer* v. *Stillings* (1924), 109 Ohio St. 297, 142 N.E. 365, paragraph four of the syllabus.

Therefore, by reenacting the statute without stating a mental culpability, we presume that the legislature intended to adopt the strict liability construction of the prior statute.

Based on these factors, we hold that the legislature plainly indicated an intention to impose strict liability for a violation of R.C. 1327.61(B).

The first assignment of error is overruled.

### Assignment of Error II

"The court erred in overruling defendant's motion to dismiss based upon the failure of the criminal complaint to specify the essential element of recklessness."

Based upon the disposition of the first assignment of error, the second assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

MAHONEY, P.J., and REECE, J., concur.