The STATE of Ohio, Appellant,

v.

SQUIRES, Appellee.

[Cite as *State v. Squires* (1996), 108 Ohio App.3d 716.]

Court of Appeals of Ohio,
Second District, Montgomery County.

No. 15319.

Decided Jan. 24, 1996.

*Mathias H. Heck, Jr.*, Montgomery County Prosecuting Attorney, and *Gregory P. Spears*, Assistant Prosecuting Attorney, for appellant.

*James L. Squires, pro se.*

GRADY, Judge.

 This appeal is brought by the state of Ohio pursuant to R.C. 2945.67(A). The state seeks our review of a ruling by the trial court on a substantive issue of law which resulted in a judgment of acquittal for defendant James L. Squires. Exercising our discretionary authority, we granted leave to the state to file the appeal. However, our decision cannot disturb the judgment of acquittal. *State v. Bistricky* (1990), 51 Ohio St.3d 157, 555 N.E.2d 644.

Defendant Squires was charged with a violation of R.C. 955.22(C), which states:

"No owner, keeper, or harborer of any dog shall fail at any time to keep it either physically confined or restrained upon the premises of the owner, keeper, or harborer by a leash, tether, adequate fence, supervision, or secure enclosure to prevent escape, or under reasonable control of some person, except when the dog is lawfully engaged in hunting accompanied by the owner, keeper, or harborer or a handler."

Squires entered a plea of no contest. The court found him not guilty of the charge because there was no evidence that Squires had acted *recklessly* when his dog broke free of its tether and left Squires's property. The state presents a single assignment of error, which reads:

"The trial court erred as a matter of law in its interpretation of Ohio Revised Code Section 955.22(C) (confinement or restraint of dog) as not being a strict liability offense and holding that the statute requires the culpable mental state of recklessness."

The trial court held that R.C. 955.22(C) requires proof of a culpable mental state of recklessness by operation of R.C. 2901.21(B), which provides:

"When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in such section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly

indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."

R.C. 955.22(C) does not specify any of the culpable mental states identified in R.C. 2901.21 as an element of the offense it defines. The trial court's ruling was correct, unless an intention to impose strict liability for the conduct prohibited by R.C. 955.22(C) is apparent from the terms of the statute.

The trial court relied on *State v. Myers* (1993), 87 Ohio App.3d 92, 621 N.E.2d 881, in which the Court of Appeals for Medina County held that R.C. 959.13(A)(4), which prohibits keeping animals in an enclosure without wholesome exercise and change of air, requires proof of recklessness because no purpose to impose strict liability is apparent. The *Myers* court relied in turn on *State v. Lapping* (1991), 75 Ohio App.3d 354, 599 N.E.2d 416, which was also cited by the trial court below, in which the Court of Appeals for Trumbull County held that R.C. 959.13(A)(1), which prohibits torture or cruelty to animals, is also not a strict liability offense.

Other than the fact that they also involve the use or treatment of animals by humans, *Myers* and *Lapping* offer little assistance in resolving the issue presented, *i.e.,* whether an intention to impose strict liability is apparent from the terms of R.C. 955.22(C). We believe that it is.

■ Criminal liability requires (1) a course of conduct prohibited by law (2) committed with a defined degree of bad purpose. R.C. 2901.21(A). Statutes which impose strict liability are not concerned with the actor's purpose, good or bad. For those violations, the state need only prove that the accused engaged in a voluntary act or an omission to perform an act or duty which he is capable of performing. The actor's purpose is irrelevant because strict liability statutes are primarily concerned with the consequences of the actor's conduct.

■ Regulations enacted for the safety, health or well-being of the community are frequently enforced irrespective of any guilty intent. *Middletown v. Campbell* (1990), 69 Ohio App.3d 411, 590 N.E.2d 1301. In such cases, the primary purpose is to protect the victim from the potential of serious harm, not to punish the offender, who nevertheless has had the opportunity to ascertain the true facts and to guard against the forbidden conduct. *State v. Buehler Food Markets, Inc.* (1989), 50 Ohio App.3d 29, 552 N.E.2d 680. A common strict liability offense is R.C. 4511.19, which prohibits operating a vehicle while under the influence of alcohol. The statute is concerned with the consequences of the actor's conduct. The actor's intent to drive while intoxicated and his purpose in doing so are irrelevant to the violation.

■ Though the owner of a dog who permits it to roam at large may have a bad purpose in doing so, there is no bad purpose inherent in the conduct prohibited by R.C. 955.22(C), failing to keep a dog confined to its owner's

premises. The concern of the statute is not the conduct of the owner but the potential for injury to persons and damage to their property presented by roaming dogs and the potential for injury to the animal involved. Therefore, the statute imposes a duty on the dog's owner to keep it confined, and it makes the owner criminally liable for a breach of that duty regardless of how it came about. The statute thus plainly indicates a purpose to impose criminal liability strictly for the conduct it prohibits, not because of the culpability of the actor in committing it. See, also, *State v. Judge* (Apr. 19, 1989), Hamilton App. No. C-880317, unreported, 1989 WL 36676.

The trial court erred when it entered a judgment of acquittal on the violation of R.C. 955.22(C) charged because the state had failed to prove reckless conduct on the part of defendant Squires. Culpability is not an element of the offense, which occurs and may be determined strictly on the basis of the actor's conduct. Like his dog, and to paraphrase Sir Walter Scott, the owner may have a "nature noble and incapable of deceit," but he has violated the law if he fails to keep his dog confined in the way the statute requires.

The assignment of error is sustained. However, the judgment of the trial court must be affirmed.

*Judgment affirmed.*

FAIN and FREDERICK N. YOUNG, JJ., concur.