DECISION
William L. Henneke, defendant-appellant, appeals a decision of the Franklin County Municipal Court, Environmental Criminal Division. Appellant was found guilty of failing to confine or restrain his dogs, a minor misdemeanor and a violation of R.C. 955.22(C). We affirm.
On September 22, 1998, at approximately 11:30 p.m., an incident occurred between appellant and Benjamin Knepper. Knepper testified that while he was walking his dog on Edgecliff Drive in northern Franklin County, two dogs owned by appellant "charged at me and my * * * dog from a very dark, wooded area." Appellant testified that he had let the dogs "run up in this woods, which is really over and more in front of my house." Appellant was able to restrain the dogs shortly after they confronted Knepper and his dog. No contact occurred between appellant's dogs and Knepper and his dog.
Knepper filed a complaint against appellant alleging that he had failed to confine or restrain his dogs in violation of R.C. 955.22(C). A trial was held before a judge on December 18, 1998. The court found appellant guilty of violating R.C. 955.22 and fined him $25. Appellant appeals this decision and presents the following two assignments of error:
 I. THE TRIAL COURT ERRED BY APPLYING A STRICTER STANDARD OF CONTROL UNDER REVISED CODE #955.22[C] THAN IS REQUIRED BY THE STATUTE AS IS EXHIBITED ON PAGE 42 OF THE RECORD.
 II. THE TRIAL COURT'S GUILTY FINDING IS AGAINST THE WEIGHT OF THE EVIDENCE AND VIOLATES THE STANDARD OF PROOF BEYOND A REASONABLE DOUBT AS IS EXHIBITED ON PAGE 41 OF THE RECORD.
Appellant argues in his first assignment of error that the trial court applied a stricter standard of "control" than is required by R.C. 955.22(C). Appellant claims that the court applied a standard that required appellant to exercise "immediate" control on the dogs. However, a review of the record fails to show that the court used the word "immediate" or applied a standard different than the standard contained in R.C. 955.22(C). Appellant's first assignment of error is overruled.
Appellant argues in his second assignment of error that his conviction was against the weight of the evidence and was not proven beyond a reasonable doubt. Appellant was convicted of R.C. 955.22(C), which states:
 No owner, keeper, or harborer of any dog shall fail at any time to keep it either physically confined or restrained upon the premises of the owner, keeper, or harborer by a leash, tether, adequate fence, supervision, or secure enclosure to prevent escape, or under reasonable control of some person, except when the dog is lawfully engaged in hunting accompanied by the owner, keeper, or harborer or a handler.
In order for a court of appeals to reverse the judgment of a trial court on the basis that the verdict is against the manifest weight of the evidence, the appellate court must unanimously disagree with the fact finder's resolution of the conflicting testimony. State v. Thompkins
(1997), 78 Ohio St.3d 380, 387. Whether a criminal conviction is against the manifest weight of the evidence "requires an examination of the entire record and a determination of whether the evidence produced attains the high degree of probative force and certainty required of a criminal conviction."State v. Getsy (1998), 84 Ohio St.3d 180, 193, certiorari denied (1999), ___ U.S. ___, 119 S.Ct. 2407.
Appellant claims that the dogs were under his "reasonable control" because they came to him when he called for them. However, Knepper testified that at the time appellant's dogs were "growling, charging, barking; very intimidating," appellant was still "well away in the darkness." Therefore, based upon Knepper's testimony, appellant was not in a position to reasonably control his dogs.
While appellant argues that he took every effort to control the dogs after he became aware of Knepper's presence, and he also presented witnesses who testified that the dogs were "very well-behaved dogs":
 * * * [T]here is no bad purpose inherent in the conduct prohibited by R.C. 955.22(C), failing to keep a dog confined to its owner's premises. The concern of the statute is not the conduct of the owner but the potential for injury to persons and damage to their property presented by roaming dogs and the potential for injury to the animal involved. Therefore, the statute imposes a duty on the dog's owner to keep it confined, and it makes the owner criminally liable for a breach of that duty regardless of how it came about. The statute thus plainly indicates a purpose to impose criminal liability strictly for the conduct it prohibits, not because of the culpability of the actor in committing it. * * *
State v. Squires (1996), 108 Ohio App.3d 716, 718-719.
While no injuries occurred in the present case, the fact that the dogs were not under reasonable control of appellant and injuries could have occurred before appellant was able to restrain his dogs illustrate the purposes of R.C. 955.22(C).
 Regulations enacted for the safety, health or well-being of the community are frequently enforced irrespective of any guilty intent. In such cases, the primary purpose is to protect the victim from the potential of serious harm, not to punish the offender, who nevertheless has had the opportunity to ascertain the true facts and to guard against the forbidden conduct.
Squires, at 718 (citations omitted).
Therefore, after having reviewed the record, we find that appellant's conviction for violating R.C. 955.22(C) was not against the weight of the evidence. After having heard the conflicting testimony, the court found that appellant did not have reasonable control over his dogs. The weight to be given the evidence and the credibility of the witnesses are primarily issues to be decided by the trier of fact because the trier of fact has the benefit of seeing and hearing the witnesses testify and is in the best position to determine the facts of the case. State v. Williams (Apr. 29, 1999), Franklin App. No. 98AP-975, unreported (1999 Opinions 988, 996). Appellant's second assignment of error is overruled.
Appellant's assignments of error are overruled, and the judgment of the trial court is affirmed.
Judgment affirmed.
LAZARUS, P.J., and BOWMAN, J., concur.