OPINION
Appellant Chad Lozier appeals the decision of the Holmes County Court of Common Pleas that determined the sentencing enhancements for trafficking within the vicinity of a school were strict criminal liability offenses which did not require the state to prove mens rea. The following facts give rise to this appeal.
On February 14, 2001, the Holmes County Grand Jury indicted appellant for five counts of drug trafficking. Each count of the indictment contained a specification because appellant committed all five offenses within the vicinity of a school. On February 21, 2001, appellant appeared for his arraignment and entered a plea of not guilty.
On May 22, 2001, the trial court conducted a change of plea hearing. At this hearing, the state dismissed Count IV of the indictment. The trial court accepted appellant's plea of no contest to the remaining counts. Defense counsel preserved for further review, by the trial court, the issue of whether the mens rea of recklessness was an element required to enhance a drug trafficking offense committed within the vicinity of a school.
On June 12, 2001, the trial court determined that the enhancements for trafficking within the vicinity of a school were strict criminal liability offenses which did not require the state to prove mens rea. Judgment Entry, June 12, 2001, at 3. Accordingly, on July 13, 2001, the trial court sentenced appellant to a prison term of three years, with five years of community control following his release from prison, and imposed a fine of $5,000.
Appellant timely filed his notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE TRIAL COURT ERRED AND APPELLANT LOZIER WAS PREJUDICED WHEN THE TRIAL COURT FOUND THAT R.C. 2925.03(C) WAS A STRICT LIABILITY STATUTE. IN THE ABSENCE OF CLEAR LEGISLATIVE INTENT TO IMPOSE STRICT LIABILITY THE MINIMUM MENTAL STATE IS RECKLESSLY.
 I
The sole issue raised in this appeal is whether R.C. 2925.03(C)(5)(b) is a strict criminal liability statute. This statute provides as follows:
 (C) Whoever violates division (A) of this section is guilty of one of the following:
* * *
 (5) If the drug involved in the violation is L.S.D. or a compound, mixture, preparation, or substance containing L.S.D., whoever violates division (A) of this section is guilty of trafficking in L.S.D. The penalty for the offense shall be determined as follows:
* * *
 (b) Except as otherwise provided in division (C)(5)(c), (d), (e), (f) or (g) of this section, if the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in L.S.D. is a felony of the fourth degree, and division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender.
The trial court determined, prior to imposing appellant's sentence, that the above statute is a strict criminal liability statute and a person who violates R.C. 2925.03(A) does so at his or her peril and at the risk that he or she may be in the vicinity of a school. Thus, the trial court enhanced appellant's sentence from a fourth degree felony to a third degree felony.
On appeal, appellant sets forth two arguments in support of his sole assignment of error. Appellant first contends the recklessness standard applies to R.C. 2925.03(C)(5)(b) because the statute does not state the applicable mens rea and does not plainly indicate strict liability as the applicable standard. In the alternative, appellant maintains the knowingly standard contained in section (A) of the statute is the applicable standard to be applied to section (C) of the statute.
In support of his argument that the recklessness standard applies, appellant cites R.C. 2901.21(B), which provides as follows:
 (B) When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness[1] is sufficient culpability to commit the offense.
Appellant maintains the statute at issue does not specify culpability and does not plainly indicate a purpose to impose strict criminal liability and therefore, recklessness is the applicable standard to be applied. Appellant cites several cases in support of this argument. First, appellant refers to the case of State v. Adams (1980),62 Ohio St.2d 151. In Adams, the issue before the Ohio Supreme Court was whether the existence of the culpable mental state of recklessness is an essential element of the crime of endangering children. The Court concluded that recklessness is an essential element of the crime of endangering children because the statute does not specify any degree of culpability nor does it plainly indicate a purpose to impose strict criminal liability for the conduct described in the statute. Id. at 153.
Second, appellant cites the court to the case of State v. McGee
(1997), 79 Ohio St.3d 193, wherein the Ohio Supreme Court again concluded that "[t]he existence of the culpable mental state of recklessness is an essential element of the crime of endangering children under R.C.2919.22(A)." Id. at syllabus. In reaching this conclusion, the Court noted that no degree of culpability is specified on the face of R.C.2919.22(A). Id. at 195. Accordingly, the Court referred to R.C.2901.21(B) and found the recklessness standard applicable because the endangering children statute neither specifies culpability in the section defining the offense nor plainly indicates a purpose to impose strict criminal liability. Id.
Third, appellant cites the case of State v. Gregg (May 25, 2000), Franklin App. No. 99AP-1194, unreported. The issue in Gregg was whether R.C. 4301.58(B), which prohibits selling liquor without a license, is a strict criminal liability offense. Id. at 2. The Tenth District Court of Appeals noted that the statute is silent as to any degree of culpability and merely proscribes the act of selling intoxicating liquor without a license. Id. Pursuant to R.C. 2901.21(B), the court concluded that the recklessness standard is applicable. Id. at 3.
Finally, appellant cites the court to the cases of Jones v. UnitedStates (1999), 526 U.S. 227; Apprendi v. New Jersey (2000), 530 U.S. 466; and State v. Manley (1994), 71 Ohio St.3d 342. All of these cases stand for the proposition that any fact that increases the penalty for a crime beyond the prescribed statutory maximum, other than the fact of a prior conviction, must be submitted to a jury and proved beyond a reasonable doubt. Apprendi at 466.
In response, appellee argues R.C. 2925.03(C)(5)(b) presents a trial court with an enhancement to the penalty, and not an element of the crimeper se. Appellee refers to the Manley case, supra. The Manley case involved the sale of drugs within the vicinity of a school. Id. at 342. The sole issue for the Ohio Supreme Court's consideration concerned the proof necessary to establish that a drug transaction occurred in the vicinity of a school premises. Id. at 344. At trial, three witnesses testified that the offense occurred within the vicinity of a school.Id. at 342. In concluding that the state must prove beyond a reasonable doubt that the drug transaction occurred within the specified distance of a school, the Court stated:
 * * * the Ohio legislature intended to punish more severely those who engage in the sale of illegal drugs in the vicinity of our schools and our children. The court of appeals in this case correctly determined that in order to convict a defendant under the school specification, the state must prove beyond a reasonable doubt that the drug transaction occurred within the specified distance of a school. The state has the burden of establishing all elements of a crime beyond a reasonable doubt. Mullaney v. Wilbur (1975), 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508; State v. Adams (1980), 62 Ohio St.2d 151, 16 O.O.3d 169, 404 N.E.2d 144. That requirement also applies in cases involving the imposition of an enhanced punishment upon proof of some additional element. [Citations omitted.] Id. at 346.
Appellee also cites an opinion from the Ninth District Court of Appeals that involved R.C. 2925.03(C). In State v. Rogers (Apr. 24, 1999), Summit App. No. 19176, unreported, the Ninth District Court of Appeals concluded that strict criminal liability is clearly indicated in the statutory scheme of R.C. 2925.03. The court stated:
 Provisions enacted for the purpose of guarding the safety, health, and well being of the community frequently do not require a culpable mental state because their purpose is to protect the victim, or community, from the consequences of the actor's conduct. See State v. Squires (1996), 108 Ohio App.3d 716, 718, 671 N.E.2d 627. R.C. 2925.03(C)(1)(b) and 2925.03(C)(3) are subsections of Ohio's prohibitions against aggravated trafficking in drugs and permitting drug abuse which serve to enhance the penalties for these crimes. See State v. Harris (1993), 89 Ohio App.3d 147, 152, 623 N.E.2d 1240. This court, in construing a similar statute * * *, has concluded that a defendant's awareness of the condition triggering the sentencing enhancement is irrelevant. [Citations omitted.] Accordingly, the mens rea requirements in these provisions are met by the offender's violation of the underlying statutes, * * * and the trial court did not err * * *. Id. at 6.
Upon review of the arguments and case law presented by the parties, we conclude the trial court erred when it determined the degree of culpability is strict criminal liability. In reaching this conclusion, we first refer to the language of the R.C. 2925.03(A). The language in section (A) clearly indicates that the applicable degree of culpability is knowingly. Specifically, the statute provides:
 (A) No person shall knowingly do any of the following:
(1) Sell or offer to sell a controlled substance;
 (2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person. (Emphasis added.)
R.C. 2901.21(B) provides that culpability is not required for a person to be guilty of an offense when the section defining an offense does not specify any degree of culpability and plainly indicates a purpose to impose strict criminal liability. Section (A) of R.C. 2925.03, which is the section that defines the offense of trafficking in drugs, clearly specifies the degree of culpability as knowingly.[2] Further, R.C.2925.03, as amended in 1996, deleted the strict criminal liability language. Prior to the amendment in 1996, the statute contained language "whether or not the offender knows." The use of this language plainly indicated a purpose to impose strict criminal liability.
Based upon the language of the statute prior to the 1996 amendment, in the case of State v. Webb (Aug. 18, 1993), Delaware App. No. 92CA-A-11043, we held that the enhancement provision of R.C. 2925.03(C)(7) is a strict liability criminal statute and that actual knowledge of the defendant is not required to trigger a violation thereof. Id. at 4. However, following the statute's amendment, the language imposing strict criminal liability was deleted. We believe this indicates the General Assembly's intent not to apply strict criminal liability.
Our conclusion is supported by the legislative history contained in R.C. 2901.21, which provides, that: "Although the case law is not entirely clear, the apparent rule is that even if the statute fails to specify any degree of culpable mental state, strict criminal liability will not be applied unless the statute plainly indicates that the legislature intended to impose strict liability." Having deleted the language imposing strict criminal liability in 1996, we do not believe strict liability is applicable in the current version of the statute as the statute no longer plainly indicates such an intent. Therefore, because the statute contains the culpable mental state of knowingly in the section defining the offense of trafficking in drugs, we conclude the culpable mental state of knowingly also applies to Section (C)(5)(b) of R.C. 2925.03.
We acknowledge our decision is in conflict with the Ninth District Court of Appeals' decision in the Rogers case, supra. However, we believe our decision is in accord with the General Assembly's intent, as set forth in R.C. 2901.21(B), in determining the degree of culpability.
Appellant's sole assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Holmes County, Ohio, is hereby reversed and remanded for further proceedings consistent with this opinion.
By: WISE, J., HOFFMAN, P.J., and EDWARDS, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Holmes County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.
Costs to Appellee State of Ohio.
[1] R.C. 2901.22(C) defines "recklessly" as follows:
 (C) a person acts recklessly when, with heedless indifference to the consequences, he perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist.
[2] R.C. 2901.22(B) defines "knowingly" as follows:
 (B) A person acts knowingly, regardless of his purpose, when he is aware that his conduct will probably cause a certain result or will probably be of a certain nature. A person has knowledge of circumstances when he is aware that such circumstances probably exist.