OPINION
{¶ 1} Defendant-Appellant, Claire Ride, appeals a judgment of the Fairborn Municipal Court finding her guilty of failure to keep a dog confined or restrained, in violation of R.C. 955.22(C), a minor misdemeanor. Ride asserts that the trial court erred in imposing strict liability on her, and that the trial court violated her constitutional rights at trial and *Page 2 
sentencing, and that the trial court improperly determined her dog to be a "vicious dog." Because the offense was a strict-liability offense, and because the trial court did not infringe upon any constitutional right of appellant, we affirm the judgment of conviction.
 {¶ 2} In the early morning hours of April 30, 2003, two mixed-breed Husky dogs owned by Ride escaped from their backyard confinement. One of the two dogs attacked and killed a Yorkshire Terrier owned by her next-door neighbor, Wendy Garrett. Initially Ride was charged with a fourth degree misdemeanor violation of R.C. 955.22(C), failure to confine-second offense. However, the morning of trial, the State determined that there had been no prior offense and the charge was amended to a minor misdemeanor. The matter proceeded to trial, with the trial court finding Ride guilty of the offense and fining her $100. The court gave Ride the option of paying restitution to Garrett, at which time, the court would reduce the fine to $50. The trial court also found Ride's dog to be a "vicious dog," and ordered her to obtain liability insurance as required by R.C. 955.22(E). Ride paid the full fine and court costs and restitution was waived.
 {¶ 3} From this judgment, Ride filed this appeal asserting five assignments of error for our consideration. *Page 3 
 FIRST ASSIGNMENT OF ERROR
 {¶ 4} "THE TRIAL COURT ERRED BY ATTACHING (SIC) `STRICT LIABILITY' TO THE CRIME IN VIOLATION OF OHIO REVISED CODE 2901.21."
FOURTH ASSIGNMENT OF ERROR
 {¶ 5} "THE TRIAL COURT ERRED BY CONCLUDING THAT APPELLANT WAS GUILTY OF THE OFFENSE WHEN THE STATE FAILED TO PROVE THE CULPABLE MENTAL STATE OF RECKLESSNESS AND GUILTY `BEYOND A REASONABLE DOUBT.'"
 {¶ 6} In these two assignments of error, Ride argues that R.C.955.22(C) is not a strict liability offense and that the correct state of mind is "recklessness." She claims, therefore, that the charging instrument is defective for failure to include the element of recklessness and that because the state failed to prove the element of recklessness, that her conviction is contrary to the manifest weight of the evidence.
 {¶ 7} This court, in State v. Squires (1996), 108 Ohio App.3d 716,719, 671 N.E.2d 627, considering this very issue stated that: "[t]he concern of the statute is not the conduct of the owner but the potential for injury to persons and damage to their property presented by roaming dogs and the potential for injury to the animal involved. Therefore, the *Page 4 
statute imposes a duty on the dog's owner to keep it confined, and it makes the owner criminally liable for a breach of that duty regardless of how it came about. The statute thus plainly indicates a purpose to impose criminal liability strictly for the conduct it prohibits, not because of the culpability of the actor in committing it."
 {¶ 8} Accordingly, Ride's first and fourth assignments of error are overruled.
SECOND ASSIGNMENT OF ERROR
 {¶ 9} "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT HER RIGHT TO A PRESUMPTION OF INNOCENCE AND DUE PROCESS AS GUARANTEED BY THE FIFTH ANDFOURTEENTH AMENDMENTS TO THE U.S. CONSTITUTION."
THIRD ASSIGNMENT OF ERROR
 {¶ 10} "THE TRIAL COURT ERRED BY MISAPPLIED (SIC) THE LAW REGARDING `VICIOUS DOG' AT OHIO REVISED CODE 955.11, `LIABLE FOR DAMAGES' AT OHIO REVISED CODE 955.28 AND `LOCKED FENCED YARD' AT OHIO REVISED CODE 955.22."
 {¶ 11} In the second assignment of error, Ride contends that her Constitutional rights were violated in four specific respects.
 {¶ 12} First, she argues that the trial court denied her due process rights by failing to provide her with the state's *Page 5 
evidence prior to trial. There is no Constitutional right to discover the state's evidence prior to trial. In Ohio, discovery in a criminal case is governed by Crim. R. 16. This rule provides that both the state and the defendant, "upon written request . . . shall forthwith provide the discovery herein allowed."
 {¶ 13} The record here does not reflect that Ride made any written request for discovery. Furthermore, the transcript of the July 13 status conference, conducted one day prior to the trial, indicates at pp. 11-13, that Ride orally inquired about discovery. At that time, the trial court informed her that she had not properly requested discovery. Nonetheless, the state informed Ride on the record of the witnesses it intended to call at trial, and Ride did not specify what other information that she was seeking.
 {¶ 14} Second, Ride claims that she was denied due process because the trial court presumed her to be guilty before the start of the trial. In this regard Ride points to a colloquy that occurred at the June 13, 2006 status conference (T. 5-11):
 {¶ 15} "THE COURT: You certainly do. The jury will decide. But I do want you to understand that this is a strict liability offense, which means that there are no defenses, *Page 6 
virtually no defenses. If the State proves that your dog was not confined, that's pretty much it, that's pretty much the case.
 {¶ 16} "There have been cases before where people said, well, I put up a fence, but the dog goes under it. That's not a defense. There have been cases before where they say, I put up one of the electronic fences, the electric fences for the dog, and he still managed to get out. That's not a defense.
 {¶ 17} "THE DEFENDANT: I understand.
 {¶ 18} "THE COURT: Those have been held not to be defenses to this case.
 {¶ 19} "So, you could go through a jury trial. It will be a very short jury trial. All they have to show is, that your dog was not confined, and that's it. So, unless this other dog managed to get into a kennel with your dog, one of these great big kennels —
 {¶ 20} "THE DEFENDANT: (Inaudible)
 {¶ 21} "THE COURT: — unless that dog got into a kennel somehow, there is no defense.
 {¶ 22} "Is that your defense? He got into a kennel?
 {¶ 23} "THE DEFENDANT: Yes. Their dog got into my back yard, dug under my fence.
 {¶ 24} "THE COURT: That's not a defense. That's not a *Page 7 
defense. I'm talking about one of these big cages. When I talk about a kennel, I'm talking about a cage.
 {¶ 25} "THE DEFENDANT: What's the difference?
 {¶ 26} "THE COURT: Oh, a huge difference, huge difference.
 {¶ 27} "So, you're entitled to your jury trial tomorrow. I expect you to know all the Rules of Evidence by then. You will be held to the same standards as I hold any attorney who comes in here, and you will be responsible. Unless you're telling me you're going to have an attorney or you're going to get rid of the dog, those are the only options.
 {¶ 28} * * * [the colloquy continues with the court discussing a possible continuance to allow the defendant to remove the dog from her premises, and then into a discussion of a potential plea bargain.]
 {¶ 29} "THE COURT: The form that I'm filling out is a form I prepared for people going to trial the next day, and it lists all the parties involved, being me as the Judge, and Ms. Fleming being the Prosecutor, and you, pro se. And it indicates the final offer made by the State. I wrote in here, and you'll get a copy of this, I wrote: If the Defendant pleads as charged and removes the dog from the property within one week, the State would recommend no jail.
 {¶ 30} "It's my understanding that you are rejecting that *Page 8 
offer. And if that's correct, then I need for you to read this and sign at the bottom, and Mr. Adkins will sign on behalf of the State.
 {¶ 31} "THE DEFENDANT: Is there any recommendation as to the fine?
 {¶ 32} "THE COURT: I'm sorry. As to what?
 {¶ 33} "THE DEFENDANT: As to the fine, the fine, what it would cost me if I lose, financially.
 {¶ 34} * * *
 {¶ 35} "THE COURT: Typically I max the fines on people that go to jury trial. That's just something I do.
 {¶ 36} "THE DEFENDANT: So, you're more guilty if you go to a jury trial than if you plead guilty?
 {¶ 37} "THE COURT: It depends on whether or not the Court feels after the jury trial that you've wasted everybody's time."
 {¶ 38} This discussion between the court and the defendant does not indicate that the court pre-judged Ride's guilt or innocence. The court correctly states that the offense is a strict liability offense and properly informs the defendant that there are nearly no defenses to the charge if in fact her dog broke free of its confinement. While we are seriously troubled by the court's statement on the record that it *Page 9 
typically penalizes defendants, by imposing the maximum fine, for exercising their constitutional right to a jury trial, that statement has no bearing on this matter since the charge was amended to a minor misdemeanor and no jury trial was available nor conducted.
 {¶ 39} Third, Ride argues that the trial court denied her due process by not allowing her to present evidence that Garrett's dog provoked the attack that resulted in its demise or as to the efforts Ride took to keep her dog confined. Because none of the evidence that Ride complains of is material to the strict liability offense, its exclusion is not error.
 {¶ 40} In her fourth issue of the Second Assignment of Error and in her Third Assignment of Error, Ride claims that the trial court unconstitutionally determined her dog to be "vicious." She claims that there was no evidence presented at the trial as to the nature of her dog. However, R.C. 955.11(A)(4)(a)(ii) defines a vicious dog as: "a dog that, without provocation . . . meets any of the following: . . . has killed another dog."
 {¶ 41} Because Wendy Garrett was the only eyewitness to the attack by Ride's dog, and because she testified that she observed the unprovoked attack on her dog in her backyard, *Page 10 
which resulted in the death of her dog, the trial court properly found the dog to be a "vicious dog."
 {¶ 42} Ride cites State v. Cowan, 103 Ohio St.3d 144, 2005-Ohio-715, in support of a claim that the vicious dog provisions of R.C. 955.22 are unconstitutional. Her reliance on that ruling is misplaced. In that case, the statute was deemed unconstitutional "as applied" because the defendant, who was convicted of a charge of 955.22(D), failing to confine a vicious dog, had not been afforded procedural due process prior to the determination, by the dog warden, that the dog was a vicious dog. In this instance, Ride was afforded her procedural due process rights, because the determination as to the future status of the dog was made in a judicial proceeding, and she was not being punished without notice.
 {¶ 43} Accordingly, the appellant's second and third assignments of error are overruled.
FIFTH ASSIGNMENT OF ERROR
 {¶ 44} "THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT HER SUBSTANTIAL RIGHTS UNDER AMENDMENT VIII TO THE UNITED STATES CONSTITUTION WHEN IT PENALIZED APPELLANT IN EXCESS OF THAT PERMITTED BY LAW."
 {¶ 45} In this assignment of error, Ride apparently argues that the total fine of $100 plus the court costs of $88 exceed *Page 11 
the maximum allowable fine of $150, and that the court had no authority to impose an order of restitution, nor an order that she purchase liability insurance pursuant to R.C. 955.22(E).
 {¶ 46} Because this offense is a minor misdemeanor, the maximum fine that may be imposed is $150.00. R.C. 2929.28(A)(2)(a)(v). The fine herein was $100; less than the maximum. Court costs are properly imposed on an offender convicted of a criminal offense. R.C. 2947.23. While R.C.2929.28(A)(1) provides that the court may not impose restitution as a sanction when the offense is a minor misdemeanor, the issue is moot because restitution was not imposed in this case; it was provided as an option to the defendant to secure a lower fine. And, since the order of restitution was vacated upon Ride's election to pay the fine in full, there is no error in this respect.
 {¶ 47} Accordingly, the appellant's fifth assignment of error is overruled.
 {¶ 48} Based on the foregoing, the conviction and sentence appealed from are affirmed. BROGAN, J. And FAIN, J., concur.
(Hon. Sumner E. Walters, retired from the Third Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio). *Page 1