[Cite as *State v. Kidd*, 2017-Ohio-762.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
CHAMPAIGN COUNTY

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 2016-CA-21 |
| | : | |
| v. | : | T.C. NO. 16CR112 |
| | : | |
| DAVID E. KIDD, SR. | : | (Criminal Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellant | : | |
| | : | |

. . . . . . . . . .

**O P I N I O N**

Rendered on the ___3rd___ day of ____March____, 2017.

. . . . . . . . . .

JANE A. NAPIER, Atty. Reg. No. 0061426, Assistant Prosecuting Attorney, 200 North Main Street, Urbana, Ohio 43078
      Attorney for Plaintiff-Appellee

DAVID E. KIDD, SR., #721-836, Chillicothe Correctional Institute, P. O. Box 5500, Chillicothe, Ohio 45601
      Defendant-Appellant

. . . . . . . . . . . .

FROELICH, J.

    **{¶ 1}** David E. Kidd, Sr., pled guilty in the Champaign County Court of Common Pleas to one count of illegal conveyance of drugs of abuse onto grounds of a specified governmental facility, a felony of the third degree. In exchange for the plea, the State dismissed eleven additional charges – five counts of illegal conveyance (third-degree

felonies), three counts of possession of cocaine (fifth-degree felonies), and three counts of aggravated possession of drugs (fifth-degree felonies). The trial court sentenced Kidd to 30 months in prison, to be served consecutively to an 8½-year prison sentence already imposed in a Clark County case.

{¶ 2} Kidd, pro se, appeals from his conviction, claiming that the trial court erred in imposing consecutive sentences when Kidd "did not have consecutive convictions."

{¶ 3} In reviewing felony sentences, appellate courts must apply the standard of review set forth in R.C. 2953.08(G)(2). *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 9. Under R.C. 2953.08(G)(2), an appellate court may increase, reduce, or modify a sentence, or it may vacate the sentence and remand for resentencing, only if it "clearly and convincingly" finds either (1) that the record does not support certain specified findings or (2) that the sentence imposed is contrary to law.

{¶ 4} In general, it is presumed that prison terms will be served concurrently. R.C. 2929.41(A); *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, 16, ¶ 23 ("judicial fact-finding is once again required to overcome the statutory presumption in favor of concurrent sentences"). However, R.C. 2929.14(C)(4) permits a trial court to impose consecutive sentences if it finds that (1) consecutive sentencing is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) any of the following applies:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or

was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

The trial court must incorporate its findings into its sentencing entry, but it does not need to state the reasons supporting its findings. *Bonnell* at ¶ 37.

**{¶ 5}** A trial court may order that its prison sentence be served consecutively to a prison sentence already imposed in another case, regardless of whether that other case is in the same county, another Ohio county, another state, or federal court. *See* R.C. 2929.41(A). To do so, the trial court must make the statutory findings required by R.C. 2929.14(C)(4), both at the sentencing hearing and in the judgment entry. *See, e.g.,* R.C. 2929.41(A); *State v. Nawman*, 2d Dist. Clark No. 2014-CA-6, 2015-Ohio-447.

**{¶ 6}** Kidd was sentenced on July 18, 2016, after a presentence investigation. The record does not contain a transcript of the sentencing hearing, but we ordered that the record be supplemented with the presentence investigation report.

**{¶ 7}** The trial court's sentencing entry states that the court considered the presentence investigation report and Kidd's sentencing memorandum, which consisted of several handwritten letters, mostly provided by family members, asking for leniency.

The court indicated that it also considered statements by the prosecutor, defense counsel, and Kidd. The court noted that Kidd had previously been sentenced to prison by the Clark County Court of Common Pleas in four separate cases, two of which involved trafficking in drugs (1988 and 1989), one of which involved trafficking in crack cocaine (2003), and the last of which involved possession of cocaine (2015). The PSI indicates that Kidd had received a 10-year prison sentence in 2003 and that the Clark County court had imposed an 8½-year sentence for the 2015 case.

{¶ 8} The judgment entry sentenced Kidd to 30 months in prison, to be served consecutively to "the Clark County term of imprisonment." The trial court's sentencing entry included the statutory findings required by R.C. 2929.14(C)(4). The court found that that (1) consecutive sentencing was necessary to protect the public from future crime or to punish Kidd, (2) consecutive sentences were not disproportionate to the seriousness of Kidd's conduct and to the danger he poses to the public, and (3) (a) Kidd committed one or more of the multiple offenses while he was awaiting trial or sentencing, was on community control, or was under post-release control for a prior offense, and (b) Kidd's history of criminal conduct demonstrated that consecutive sentences were necessary to protect the public from future crime by him. (A different portion of the sentencing entry noted that Kidd was on bond awaiting sentencing for a drug-related offense when he committed this drug-related offense.)

{¶ 9} Because Kidd failed to provide a transcript of the sentencing hearing, we presume the regularity of that hearing, meaning that we presume that the trial court correctly informed Kidd of its statutory findings under R.C. 2929.14(C)(4) at the sentencing hearing. *See State v. Tanksley*, 2d Dist. Clark No. 2015-CA-80, 2016-Ohio-

2963, ¶ 12 ("We presume the regularity of the sentencing hearing, i.e., that the trial court correctly advised Tanksley about post-release control, since Tanksley failed to provide a transcript of the sentencing hearing as required by App.R. 9."). The trial court properly incorporated its consecutive sentencing findings into its sentencing entry. Finally, given the record before us, we cannot conclude that the imposition of consecutive sentences was clearly and convincingly unsupported by the record or contrary to law.

{¶ 10} Kidd's assignment of error is overruled.

{¶ 11} The trial court's judgment will be affirmed.

. . . . . . . . . . . . .

DONOVAN, J. and WELBAUM, J., concur.

Copies mailed to:

Jane A. Napier
David E. Kidd, Sr.
Hon. Nick A. Selvaggio