[Cite as *Middleburg Hts. v. Troyan*, 2016-Ohio-5625.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 103710, 103711, 103712, and 103713**

## CITY OF MIDDLEBURG HEIGHTS

PLAINTIFF-APPELLEE

vs.

## MIRIAM J. TROYAN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED IN PART, REVERSED IN PART,
AND REMANDED

Criminal Appeal from the
Berea Municipal Court
Case Nos. 15CRB00177-1, 15CRB00178, 15CRB00179-1, and 15CRB00787-1

**BEFORE:** E.T. Gallagher, J., Kilbane, P.J., and S. Gallagher, J.

**RELEASED AND JOURNALIZED:** September 1, 2016

**ATTORNEYS FOR APPELLANT**

Robert A. Dixon
4403 St. Clair Avenue
Cleveland, Ohio 44103

Mark S. Shearer
11925 Pearl Road, #310
Strongsville, Ohio 44136


**ATTORNEY FOR APPELLEE**

Peter H. Hull
Middleburg Heights Prosecutor
Middleburg Heights City Hall
15700 E. Bagley Road
Middleburg Heights, Ohio 44130

EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, Miriam Troyan ("Troyan"), appeals from her convictions in the Berea Municipal Court. She raises the following assignments of error for our review:

> 1. The lower court erred and denied the appellant due process by proceeding with trial when the appellant was impaired and unable to meaningfully participate with counsel in her defense.
>
> 2. The lower court erred and denied the appellant due process and equal protection by ruling that the offense in question, R.C. 955.22(C), was a strict liability offense.

{¶2} After careful review of the record and relevant case law, we affirm in part, reverse in part, and remand for proceedings consistent with this opinion.

## I. Procedural History

{¶3} In Berea Municipal Court Nos. 15CRB00177-1, 15CRB00178, 15CRB00179-1 and 15CRB00787-1, Troyan was cited for failing to confine her dog in violation of R.C. 955.22(C).

{¶4} Prior to trial, defense counsel made an oral motion for continuance, arguing that Troyan was "unable to assist in her defense" at that time. Following a brief discussion, the trial court denied counsel's request for a continuance.

{¶5} Subsequently, the trial court addressed defense counsel's previously filed motion in limine, wherein counsel argued that the mens rea for the offense charged in R.C. 955.22(C) is recklessness pursuant to R.C. 2901.21(C)(1). The trial court rejected Troyan's interpretation of the applicable mens rea and denied counsel's motion in limine,

finding that R.C. 955.22 is a strict liability offense. At the conclusion of a consolidated bench trial, the trial court found Troyan guilty as charged in each of the four complaints.

{¶6} Troyan now appeals from her convictions.

## II. Law and Analysis

### A. Denial of Continuance

{¶7} In her first assignment of error, Troyan argues the trial court erred by denying counsel's request for continuance and proceeding with trial when she was impaired and unable to assist with her defense.

{¶8} The decision whether to grant a continuance is within the "broad, sound discretion" of the trial court and will not be reversed absent an abuse of discretion. *In re S.C.*, 8th Dist. Cuyahoga No.102350, 2015-Ohio-2410, ¶ 23. An abuse of discretion occurs where the trial court acted unreasonably, arbitrarily, or unconscionably. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶9} Generally, a person who "lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense" may not stand trial. *State v. Skatzes*, 104 Ohio St.3d 195, 2004-Ohio-6391, 819 N.E.2d 215, ¶ 155, citing *Drope v. Missouri*, 420 U.S. 162, 171, 95 S.Ct. 896, 43 L.Ed.2d 103 (1975). "Fundamental principles of due process require that a criminal defendant who is legally incompetent shall not be subjected to trial." *Id.*, citing *State v. Berry*, 72 Ohio St.3d 354, 359, 650 N.E.2d 433 (1995). Competence is a question of a defendant's mental condition. *State v. Kelley*, 6th Dist. Lucas No. L-90-340, 1992 Ohio

App. LEXIS 102, * 8 (Jan. 17, 1992), citing R.C. 2945.37 and 2945.371; *see also State v. Banks*, 2d Dist. Champaign No. 94-CA-14, 1995 Ohio App. LEXIS 889 (Mar. 10, 1995).

{¶10} In this case, defense counsel requested a continuance on the day of trial based on his belief that Troyan was unable to assist in her defense at that time. Relevant to counsel's motion, the following exchange occurred on the record:

> DEFENSE COUNSEL: Your Honor, I don't think Ms. Troyan is capable of assisting me in defending herself today. I respectfully request that the Court continue this matter for another time when she is more capable of assisting me in her defense.
>
> We apologize to the Court for having to make this motion, but I believe it's in the best interest of my client. My only option is to make this motion so that I can have her full cooperation in her defense, your Honor, and I believe it's her constitutional right to be able to assist me in her defense, your Honor. Thank you.
>
> THE COURT: Ms. Troyan, do you believe that you're able to assist your attorney today?
>
> TROYAN: I respect and value my attorney, but I believe that since we have previously discussed that I will take the Fifth, that I am fully capable of meeting my end as the defendant.
>
> THE COURT: Okay.
>
> TROYAN: I respectfully disagree with his decision.
> THE COURT: Thank you. That's fair. It wouldn't be the first time somebody, some person, has disagreed with their lawyer, and that's fine. The —
>
> TROYAN: Your Honor?
>
> THE COURT: That's not for you to talk now, okay? Just because you can assist doesn't mean that you would say anything at this point, because this is all being recorded and it could be used against you, okay? So you don't —
>
> TROYAN: I just wanted to say, sir —

THE COURT:   Yes, ma'am.

TORYAN:    — he has taken time to prepare —

THE COURT:   Right.

TROYAN:   — and he is a good attorney —

THE COURT:   He is.

TROYAN:    — and that is where I rest.

THE COURT:   That's fine.   So at this point, I believe — and we've had this conversation among counsel in chambers about this, and my finding it that up to this point, I believe the defendant has been able to assist her attorney in preparation of the case up to this point.

And if, in fact, she is not going to testify and if there are no offers or decisions to be made during trial, then I don't believe that it would be a violation of the constitution or actually diminish her rights in any way to proceed with the case.   So I'm going to deny the defendant's motion on that front.

{¶11} On appeal, Troyan argues she lacked the capacity to assist in her defense or understand the nature of the proceedings against her because she was under the influence of alcohol on the day of trial.   While Troyan maintains that "it was undisputed that [she] was in fact intoxicated," the basis of counsel's belief that Troyan was unable to assist in her defense is not articulated on the record.   As referenced by the foregoing colloquy, it appears the relevant discussion occurred off the record in court chambers.   Thus, the allegation that Troyan was intoxicated is not mentioned or further examined on the record.

{¶12} The prosecution argues the trial court did not abuse its discretion in denying the requested continuance because defense counsel failed to fully develop the basis of his

motion on the record. Specifically, the prosecution contends that "the defense never made a showing that defendant was intoxicated and/or lacked capacity to understand the nature and object of the proceedings against her."

**{¶13}** In this instance, however, we find the obligation to fully develop the record regarding Troyan's alleged intoxication rested with the trial court and not defense counsel. From the transcript, it is evident that defense counsel was acting in Troyan's best interests when he vaguely asserted that Troyan was unable to assist in her defense without stating that she was intoxicated in open court. Once presented with the basis of counsel's motion off the record, however, the trial court was then obligated to conduct further inquiry on the record. In our view, merely asking Troyan whether she was "able to assist her attorney" was not sufficient. Rather, the trial court was required to determine whether Troyan was intoxicated, and if so, whether her level of intoxication affected her ability to assist in her defense and understand the proceedings against her. *See State v. Twyford*, 7th Dist. Jefferson No. 93-J-13, 1998 Ohio App. LEXIS 4594 * 56 (Sept. 25, 1998), ("[A] trial court must determine whether the taking of the medication has affected the defendant's ability to understand the proceedings and assist in his defense.").

**{¶14}** We recognize the uncomfortable nature of questioning a defendant's level of intoxication. However, under the circumstances presented in this case, we find the trial court's failure to fully assess Troyan's mental state on the record amounted to an abuse of discretion. Accordingly, Troyan's first assignment of error is sustained.

## B.    R.C. 955.22(C) — Strict Liability Offense

**{¶15}** In her second assignment of error, Troyan argues the trial court erred in finding that R.C. 955.22(C) is a strict liability offense.    We disagree.

**{¶16}** R.C. 955.22 states, in relevant part:

(C) Except when a dog is lawfully engaged in hunting and accompanied by the owner, keeper, harborer, or handler of the dog, no owner, keeper, or harborer of any dog shall fail at any time to do either of the following:

(1) Keep the dog physically confined or restrained upon the premises of the owner, keeper, or harborer by a leash, tether, adequate fence, supervision, or secure enclosure to prevent escape;

(2) Keep the dog under the reasonable control of some person.

**{¶17}** Troyan concedes that this court has previously held that R.C. 955.22(C) is "manifestly intended to protect the public safety and well-being" and thus imposes strict liability.   *Gates Mills v. Welsh*, 146 Ohio App.3d 368, 374, 766 N.E.2d 204 (8th Dist.2001).    However, Troyan asks this court to "revisit *Gates Mills* and declare that R.C. 955.22(C), as interpreted most narrowly against the state, does not impose strict liability."

**{¶18}** After careful review of the arguments raised by Troyan, we find no basis to revisit our prior holding.   *See State v. Rife*, 10th Dist. Franklin No. 99AP-981, 2000 Ohio App. LEXIS 2500, * 8 (June 13, 2000) ("R.C. 955.22(C) imposes strict criminal liability upon a dog owner who fails to restrain or confine a dog to the owner's premises."); *State v. Moore*, 10th Dist. Franklin Nos. 11AP-1116, and 11AP-1117, 2013-Ohio-3365, ¶ 33; *State v. Campbell*, 10th Dist. Franklin No. 08AP-816,

2009-Ohio-3615, ¶ 26. Accordingly, the trial court did not err in denying Troyan's motion in limine.

{¶19} Troyan's second assignment of error is overruled.

{¶20} Judgment affirmed in part, reversed in part, and remanded to the lower court for further proceedings consistent with this opinion.

It is ordered that appellant and appellee split the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Berea Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


EILEEN T. GALLAGHER, JUDGE

SEAN C. GALLAGHER, J., CONCURS;
MARY EILEEN KILBANE, P.J., CONCURS IN PART AND DISSENTS IN PART


MARY EILEEN KILBANE, P.J., CONCURRING IN PART AND DISSENTING IN PART:

{¶21} I respectfully concur in part and dissent in part. Finding the first assignment of error dispositive, it is improvident to consider the remaining assignment of error.