[Cite as *Middle Hts. v. Troyan*, 2017-Ohio-7073.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**Nos. 105128 and 105131**

# CITY OF MIDDLEBURG HEIGHTS

PLAINTIFF-APPELLEE

vs.

# MIRIAM TROYAN

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Berea Municipal Court
Case Nos. 16 CRB 00151 and 15 CRB 02249

**BEFORE:** E.T. Gallagher, J., Kilbane, P.J., and Laster Mays, J.

**RELEASED AND JOURNALIZED:** August 3, 2017

**ATTORNEY FOR APPELLANT**

Matthew C. Bangerter
Bangerter Law, L.L.C.
P.O. Box 148
Mentor, Ohio 44061


**ATTORNEY FOR APPELLEE**

Peter H. Hull
Middleburg Heights Prosecutor
Middleburg Heights City Hall
15700 E. Bagley Road
Middleburg Heights, Ohio 44130

EILEEN T. GALLAGHER, J.:

**{¶1}** Defendant-appellant, Miriam Troyan ("Troyan"), appeals from her convictions in the Berea Municipal Court. She raises two assignments of error:

> 1. The Trial Court erred to the prejudice of the Defendant-Appellant when it failed to determine the Existence of a requisite Mens Rea.

> 2. The Trial Court erred to the prejudice of the Defendant-Appellant in denying her Motion for Acquittal made pursuant to Crim.R. 29(A). (Tr. 70, 77.)

**{¶2}** We find no merit to the appeal and affirm.

### I. Facts and Procedural History

**{¶3}** Troyan was charged on two separate occasions in Berea Municipal Court with violating R.C. 955.22(C), the "dog at large statute," a minor misdemeanor. The charges, which were brought by the city of Middleburg Heights ("the city"), were tried to the bench.

**{¶4}** Celeste Heyworth ("Heyworth") testified at trial that she lives two doors down from Troyan in a residential neighborhood in Middleburg Heights, Ohio. On November 4, 2015, Heyworth was cutting her grass when she observed Troyan's dog running loose in the neighborhood. Heyworth watched as Troyan attempted to retrieve the dog on foot. A short while later, Heyworth observed Troyan pursuing the dog in her car.

**{¶5}** On November 18, 2015, Heyworth again saw Troyan's dog running loose in her yard. This time, Heyworth called the animal warden and left a voicemail. She had seen the dog running at large eight to ten times and had called the warden twice before.

Other neighbors had also called the warden on several occasions. Heyworth testified she had seen the dog escape from Troyan's yard through a hole in a shared fence between Troyan's yard and the adjacent neighbor's yard.

{¶6} Later that same day, Nicholas Skladany ("Skladany"), the mailman, was startled by the dog while he was delivering mail. (Tr. 32.) Skladany testified that the dog, which he recognized as Troyan's dog, "seemed pretty angry, barking and growling." He was concerned the dog might bite him. Skladany further testified that the dog ran across the street just as a car was approaching, and the car "came to a screeching halt." (Tr. 34.) Finally, Skladany identified Troyan's dog in a video taken from Troyan's neighbor's surveillance camera. The video showed Troyan's dog escaping through the hole in the fence.

{¶7} The trial court found Troyan guilty of both charges. Troyan now appeals her convictions.

## II. Law and Argument

## A. Mens Rea

{¶8} Troyan contends that R.C. 955.22 does not specify a degree of mental culpability, and that recent legislation, R.C. 2901.20, reflects an intent to reduce the number of strict liability offenses. Therefore, Troyan argues, the trial court erred in concluding that a violation of R.C. 955.22 is a strict liability offense.

{¶9} R.C. 955.22(C) states, in relevant part:

Except when a dog is lawfully engaged in hunting and accompanied by the owner, keeper, harborer, or handler of the dog, no owner, keeper, or harborer of any dog shall fail at any time to do either of the following:

(1) Keep the dog physically confined or restrained upon the premises of the owner, keeper, or harborer by a leash, tether, adequate fence, supervision, or secure enclosure to prevent escape;

(2) Keep the dog under the reasonable control of some person.

R.C. 955.22. This court has previously held that R.C. 955.22(C) is "manifestly intended to protect the public safety and well-being" and thus imposes strict liability. *Gates Mills v. Welsh*, 146 Ohio App.3d 368, 374, 766 N.E.2d 204 (8th Dist.2001).

{¶10} Troyan argues that *Gates Mills* is inapplicable because it relied on outdated legislation. She contends the court should apply R.C. 2901.20 instead of *Gates Mills*. R.C. 2901.20 states, in relevant part:

(A) Every act enacted on or after the effective date of this section that creates a new criminal offense shall specify the degree of mental culpability required for commission of the offense. A criminal offense for which no degree of mental culpability is specified that is enacted in an act in violation of this division is void.

(B) Division (A) of this section does not apply to the amendment of a criminal offense that existed on the effective date of this section, but it does apply to a new criminal offense added to a statute that existed on the effective date of this section.

R.C. 2901.20.

{¶11} Thus, the requirement that criminal offenses shall specify a mens rea only applies to new offenses enacted after the effective date of R.C. 2901.20. R.C. 2901.20 became effective on March 15, 2015. The offenses of which Troyan was convicted are

not new. The latest version of R.C. 955.20 became effective on May 22, 2012, almost three years before the effective date of R.C. 2901.20.

**{¶12}** Furthermore, this court has previously rejected Troyan's argument and held that R.C. 955.20 imposes strict liability. *Middleburg Hts. v. Troyan*, 8th Dist. Cuyahoga Nos. 103710, 103711, 103712, and 103713, 2016-Ohio-5625, ¶ 18.

**{¶13}** Therefore, the first assignment of error is overruled.

### B. Sufficiency of the Evidence

**{¶14}** In the second assignment of error, Troyan argues the trial court erred in denying her Crim.R. 29 motion for acquittal. Crim.R. 29 provides:

(A) The court on motion of a defendant or on its own motion, after the evidence on either side is closed, shall order the entry of a judgment of acquittal of one or more offenses charged in the indictment, information, or complaint, if the evidence is insufficient to sustain a conviction of such offense or offenses.

**{¶15}** A motion for acquittal pursuant to Crim.R. 29 asks the court to test the sufficiency of the evidence. The test for sufficiency requires a determination of whether the prosecution met its burden of production at trial. *State v. Bowden*, 8th Dist. Cuyahoga No. 92266, 2009 Ohio 3598, ¶ 12. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt. *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus.

**{¶16}** Troyan argues the city "presented no evidence at trial as to who was keeping, harboring, or handling the animal at the time the dog escaped." She contends

that although Troyan owned the dog, there was no evidence as to who allowed the dog to escape.

**{¶17}** However, as previously stated, R.C. 955.22(C) prohibits dog owners from failing to keep their dogs physically confined or restrained on the owner's premises "by a leash, tether, adequate fence, supervision, or secure enclosure to prevent escape." R.C. 955.22(C)(1). Alternatively, the dog owner must "[k]eep the dog under the reasonable control of some person." R.C. 955.22(C)(2).

**{¶18}** Heyworth and Skladany testified that Troyan's dog was loose in the neighborhood. The dog was not confined or restrained as required by R.C. 955.22(C)(1), nor was the dog under the reasonable control of some person, as required by R.C. 955.22(C)(2).

**{¶19}** Moreover, Heyworth testified that she observed Troyan attempting to catch the dog, both on foot and in her car. Heyworth also testified that Troyan's dog escaped through a hole in the fence between Troyan's yard and the adjacent neighbor's yard. A video showing the dog escaping through the hole was played for the court. Evidence of the hole in Troyan's fence established proof that Troyan failed to physically confine or restrain the dog on her premises "by a leash, tether, [or] adequate fence." R.C. 955.22(C)(1). Therefore, the city presented sufficient evidence on which any rational trier of fact could have found the essential elements of Troyan's failure to confine or restrain her dog in violation of R.C. 955.22 proven beyond a reasonable doubt.

**{¶20}** The second assignment of error is overruled.

**{¶21}** Judgment affirmed.

It is ordered that appellee recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the Berea Municipal Court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

MARY EILEEN KILBANE, P.J., and
ANITA LASTER MAYS, J., CONCUR